WELLBORN, APPELLANT, *v.* K-BECK FURNITURE MART, INC., APPELLEE.

(No. 77AP-306—Decided October 6, 1977.)

*Mr. Leslie Varnado, Jr.*, and *Mr. Howard Jay Rosenberg*, for appellant.
*Mr. Arthur G. Wesner*, for appellee.

McCORMAC, J.   On June 30, 1976, appellee K-Beck Furniture Mart filed a complaint and affidavit for attachment in Franklin County Municipal Court demanding relief against appellant in the amount of $573.77, alleged to be due on a promissory note upon which appellant had defaulted. The note was executed for the purchase of certain household furniture from appellee.   There was a prejudgment attachment and the furniture was delivered to K-Beck pursuant to the attachment.   Ultimately, the complaint on the promissory note was dismissed without prejudice, but K-Beck kept the furniture which it had obtained pursuant to the prejudgment attachment.

Appellant demanded a return of the attached property since the action upon which the prejudgment attachment was based had been dismissed, but appellee refused to return the furniture in question.

Appellant then filed a complaint for replevin of the property and for damages for wrongful attachment.   The case was referred to a referee who recommended that appellant's first claim for relief be dismissed, that being for replevin of the furniture obtained by K-Beck pursuant to

the prejudgment attachment in the dismissed action. The referee's report contained no recommendation concerning the second claim which set forth a claim of malicious attachment.

After objections to the referee's report and briefs were submitted to the trial court, the court entered the following ruling upon the half sheet:

"The objections to the report of the referee is [sic] overruled. The referee's report is approved."

Appellant has appealed from that ruling, setting forth the following assignments of error:

1. "The Franklin County Municipal Court erred in not overruling the objection to the referee's report because in so doing it gave no effect to the dismissal of the defendant-appellee's attachment thereby violating Ohio Revised Code Section 2715.36."

2. "The Franklin County Municipal Court erred in not overruling the referee's decision in that the whole procedure of allowing an ex parte attachment, subsequently dismissing such attachment [Case No. M 76 CVF 45 1076], and permitting the defendant-appellee to retain possession of the property in question violates the 5th and 14th Amendments of the United States Constitution."

This appeal must be dismissed for lack of subject matter jurisdiction for two reasons. The first is that the trial court's ruling of March 21, 1977, approving the referee's report, is not a judgment. While the referee, pursuant to Civ. R. 53, may recommend a course of action for the court to follow, the court must reduce that recommendation to a judgment by a proper judgment entry. Merely stating that the referee's report is approved does not constitute a judgment. A judgment shall not even contain the report of the referee. Civ. R. 54(A). The second reason that there is no final judgment is that two claims are stated in plaintiff's complaint and only the first claim was the subject of the referee's report. By any standard the second claim is still pending.

Civ. R. 54(B) provides that all judgments are interlocutory unless they dispose of all of the claims as to all

the parties, unless there is an express determination that there is no reason for delay when fewer than all of the claims are adjudicated. There is no such determination in this case.

Since the case must be remanded to the trial court for further procedure, a few words of dicta are in order. R. C. 2715.01 permits a prejudgment attachment against the property of the defendant for any of the grounds enumerated in that section. The grounds for attachment are ones relating to situations where the defendant may be able to remove the property from the effective control of the court if permitted to retain the property until a judgment is actually obtained and thus frustrate efforts to collect the judgment when obtained. An affidavit is required to be filed by the plaintiff, pursuant to R. C. 2715.03, stating the nature of the claim, the fact that it is just, the amount which affiant believes plaintiff ought to recover, as well as the existence of one of the grounds for attachment. A bond may also be required. If a judgment is ultimately granted for plaintiff, the judgment may be satisfied from the property which has been attached. On the other hand, R. C. 2715.36 provides, in the event of a judgment for defendant, as follows:

"If the judgment in an action in attachment is rendered for the defendant, the attachment shall be discharged, and the property attached or its proceeds returned to him."

Appellee contends that this section does not apply in that its action was merely dismissed without prejudice and that there was no judgment for defendant. That analysis is incorrect. There is a judgment for defendant within the meaning of R. C. 2715.36 at any time when the action upon which the ancillary attachment is based is dismissed without plaintiff having recovered a judgment. The attachment contemplated by R. C. Chapter 2715 is ancillary to a civil action for the recovery of money and is designed solely to preserve the status quo so far as the ability of plaintiff to collect the judgment is concerned. The attachment has no status separate from the civil action for the recovery of money to which it is ancillary and the attachment is

68

automatically released when the action to which it is ancillary is dismissed. Hence, the dismissal of the first action automatically discharged the attachment and appellant herein was entitled to a return of the attached property, pursuant to R. C. 2715.36.

Any other interpretation of R. C. Chapter 2715 would result in Chapter 2715 being subject to constitutional attack, as there would be a violation of due process if a plaintiff could attach and obtain possession of the property, pursuant to legal proceedings in a prejudgment attachment under R. C. 2715.01, and be permitted to retain possession of the property even though the action upon which possession was based had been dismissed.

*Appeal dismissed.*

WHITESIDE and REILLY, JJ., concur.