DECISION AND JUDGMENT ENTRY
This case is before the court sua sponte. It has come to the court's attention that the order from which this appeal is taken is not final and appealable because there is no judgment entry which complies with Civ.R. 54(A), which states:
 "`Judgment' as used in these rules includes a decree and any order from which an appeal lies as provided in section 2505.02 of the Revised Code. A judgment shall not contain a recital of pleadings, the magistrate's decision in a referred matter, or the record of prior proceedings." (Emphasis added.)
This parentage action was originally filed in 1994.
Appellant, Robbin C., was found to be the father of Robyn J. and granted visitation rights. On August 16, 2000, appellant, acting pro se, filed a motion to modify the allocation of parental rights and responsibilities and asked the court to name him as the residential parent of Robyn. On October 16, 2000, a hearing was held before Magistrate Brian Goodall on the motion to modify parental rights. Pursuant to Civ.R. 53(E)(1), the magistrate prepared and signed his decision, which states:
 "The motion to change custody is denied. Mr. C* * * shall have visitation with the child as the parties can agree, with a minimum of visitation pursuant to the standard court schedule. * * *."
At the end of the magistrate's decision, the juvenile court judge signed the following statement:
 "The parties have 14 days from the filing of this Magistrate's Report to file objections with the Juvenile Clerk.
 "After independent review that [sic] foregoing findings and decision of the magistrate are adopted as the judgment of this court. This is your copy of the court order. A journalized copy of the court order will be provided to you upon your request."
This document was filed on November 6, 2000, journalized on November 6, 2000, and served on the parties by the clerk of courts on November 7, 2000.
The parties apparently received a copy of the magistrate's decision before it was filed and served on them by the clerk of courts on November 7, 2000. We conclude this because on October 18, 2000, appellant filed a motion objecting to the findings of the magistrate, a "motion to uphold" in which he asks that the magistrate's decision regarding visitation be overruled, and an "order motion" requesting that the court order counseling for his minor daughter. It is not clear from the record how appellant received a copy of the magistrate's decision before it was filed.
On November 3, 2000, the juvenile judge ruled on appellant's motions and objections in a judgment entry which states:
 This 3rd day of November 2000, this cause came for consideration before Judge James Ray on a Motion to Uphold, Motion for Objections, and Motion for an Order as filed by the defendant, Robbin C. * * *. No hearing was held.
 The motion to uphold is really an objection and is denied without further hearing.
 The motion for objections is denied without further hearing.
 The motion for an order is dismissed without further hearing. There is nothing in the Magistrate's Findings of Fact that the child is in need of counseling. To the contrary, the findings of fact report a well-adjusted child.
 "It is therefore ORDERED that the Magistrate's decision dated October 16, is affirmed and made the order of this court."
This document was journalized on November 6, 2000 and copies were served on the parties by the clerk of courts on November 7, 2000.
We find that neither of the documents signed by the juvenile judge is sufficient to constitute a final judgment entry from which an appeal may be taken. Appellate courts have held for nearly twenty-five years that:
 "a referee [or magistrate] * * * may recommend a course of action for the court to follow, [but] the court must reduce that recommendation to a judgment by proper judgment entry. Merely stating that the referee's report is approved does not constitute a judgment. A judgment shall not even contain the report of the referee. Civ.R. 54(A)." Welborn v. K-Beck Furniture Mart, Inc. (1977), 54 Ohio App.2d 65 at 66.
Since the Welborn decision, nine[1] of the twelve appellate districts in Ohio have addressed the issue of the adequacy of a judgment entry by a trial court judge following referral of the matter to a referee or magistrate. Of these nine districts, only one, this Sixth Appellate District, has held that an entry by the judge stating merely that the magistrate's decision is adopted and made the order of the court is sufficient to constitute a "judgment" from which an appeal may be taken. See Lucas Metro. Housing Authority v. Kincade (Mar. 17, 1995), Lucas App. No. L-94-211, unreported, in which this court holds that an order by the judge which states, "The court hereby adopts the Referee's Findings of Fact and Conclusion of Law, and the Referee's Recommendation is hereby made the order in this case," fulfills the requirements of Civ.R. 53(E) and 54(A). The other eight appellate districts have held that such an entry is not adequate.
It is apparent that this court is decidedly out of step with the vast majority of our sister appellate districts and we believe that it is time we joined them in making the law in Ohio consistent in this matter. A sampling of the decisions from the courts with which we now join, includes the following: from the Second District, Tishman Midwest Mgmt.Corp. v. Hunt (Mar. 30, 1987), Montgomery App. No. CA 9938, unreported[2]; from the Third District, Reiter v. Reiter (May 11, 1999), Hancock App. No. 5-98-32, unreported[3]; from the Fourth District,Fields v. Fields (August 24, 1998), Lawrence App. No. 97 CA 50, unreported; from the Seventh District, Muzenic v. Muzenic (June 2, 2000), Mahoning App. No. 95 CA 181, unreported[4]; from the Eighth District, Kubicekv. Kubicek (Oct. 21, 1993), Cuyahoga App. No. 63521, unreported[5]; from the Ninth District, Walker v. Walker (Aug. 5, 1987), Summit App. No. 12978, unreported[6] and Harkai v. Scherba Indus. (2000),136 Ohio App.3d 211[7]; from the Tenth District, In re Estate ofMaddox (Feb. 6, 1986), Cuyahoga App. No. 50106, unreported; and, finally, from the Eleventh District, McClain v. McClain (Feb. 12, 1999), Portage App. No. 98-P-0002, unreported[8].
In accordance with all of the above, we hold that an order of a trial court which merely adopts a magistrate's decision and enters it as the judgment of the court is not a final appealable order. Accordingly, we overrule Lucas Metro. Housing Authority v. Kincade (Mar. 17, 1995), Lucas App. No.
L-94-211 to the extent that it is inconsistent with this holding. We further hold that to be final, an entry of judgment by the trial court pursuant to Civ.R. 53(E)(4) must:
 1. pursuant to subsection (b), "adopt, reject, or modify" the magistrate's decision and should state, for identification purposes, the date the magistrate's decision was signed by the magistrate,
 2. state the outcome (for example, "defendant's motion for change of custody is denied") and contain an order which states the relief granted so that the parties are able to determine their rights and obligations by referring solely to the judgment entry, and,
 3. be a document separate from the magistrate's decision.
In the instant case neither the judge's statement on the bottom of the magistrate's decision nor the judgment entry following the objections filed by defendant is adequate. Both state only that the magistrate's decision is adopted or affirmed[9] and made the order of the court.
This court further notes that the trial court judge's statement that "a journalized copy of the court order will be provided to you upon your request" is in contravention of the civil rules. Civ.R. 58 requires that all final orders be journalized and that the clerk of courts notify (within three days of the date of journalization) all parties that a final judgment has been entered on the court's journal and the date the final judgment was entered on the journal. Most courts accomplish this by serving on all parties a copy of the final judgment entry which states the day it was entered on the journal. The time to file a notice of appeal does not begin to run until the Civ.R. 58 procedure is followed.Atkinson v. Grumman Ohio Corp. (1988), 37 Ohio St.3d 80.
In the interest of judicial economy, it is ordered that this case is remanded to the Lucas County Court of Common Pleas, Juvenile Division, for thirty days from the date of this decision to allow the judge to enter a final judgment that complies with Civ.R. 54(A) and this decision. The clerk of the Lucas County Court of Common Pleas, Juvenile Division, shall notify this court when such ruling has been made. It is so ordered.
James R. Sherck, J., Richard W. Knepper, J., Mark L. Pietrykowski,P.J., CONCUR.
[1] These districts are the Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh.
[2] A judge's decision stating that the referee's report is "approved and confirmed", "does not have the usual characteristics of a final order" because it is "devoid of any order granting specific relief or terminating the action."
[3] The Third District held that an entry of the trial court which "overruled the parties' objections to the magistrate's decision and [stated that] the magistrate's decision was approved and adopted," is not adequate as a final judgment entry. The court held that the trial court must "enter its own independent judgment disposing of the matters at issue between the parties, such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined;" the trial "court need not `parrot the magistrate's findings' as to the facts and issues involved" but "must, at the very least, articulate the outcome and remedy." Finally the Third District states that "the content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case."
[4] The appellate court states that the trial court judge must restate the magistrate's decision in the form of an order and the parties must be able to "determine their rights and obligations by referring solely to" that order. The judgment in this case, which adopts the findings and recommendations of the referee, is not adequate since it does not "contain the necessary dispositional language [as to the defendant's new spousal support obligation]."
[5] In this case, the court held that the following entry is not a final appealable order:
 "The court having reviewed the objections of the Plaintiff and Defendant overrules same, and independently adopts the Referee's Report, subject to this modification: All support, weather [sic] spousal or for the minor children shall remain subject to the courts [sic] jurisdiction."
The appellate court's rationale for finding this entry insufficient is that an order "incorporating the referee's report without separately stating the court's own judgment does not constitute a final appealable order."
[6] The Ninth District states,
 "What the referee does is not a judicial act. Therefore, can the judge by `incorporating the referee's report' or by `adopting the referee's report' raise the report to the status of a judicial act? the answer must be no. Aside from the fact that to do so would be the equivalent of allowing the referee to perform a judicial act, such incorporation or adoption of a judgment fails to meet the requirement of the certainty of judgments since it fails to disclose how the matter was resolved. Additional material, such as the referee's report, would have to be examined in order to understand the judgment, as it is the case here. Judgments must be independent, clear and complete."
[7] In this case, the appellate court holds that "a trial court order stating only that it is adopting a magistrate's decision does not disclose how the trial court is resolving the issues submitted to it, and, therefore, is not final." Id. at 221.
[8] The court states,
 "[A] judgment entry is not a final appealable order unless the judge `reduce[s] the magistrate's decision to judgment with a proper judgment entry with a holding containing sufficient action words to give notice to the parties of their rights and liabilities without reference to any other document.' The judgment entry in the instant case does not make any order directing the parties, and thus is not a final appealable order."
[9] The term "affirmed" is inappropriate. The judge is not reviewing the magistrate's decision as if on appeal, but is either adopting, rejecting or modifying it based on the judge's own review of the case. Civ.R. 53(E)(4)(b).