ELECTRONIC CITATION:  2001 FED App. 0004P (6th Cir.)
File Name:  01b0004p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

In re:  JILL T. THOMPSON,            )
                                     )
               Debtor.               )
_____    )
                                     )
ROBERT R. HELFRICH,                  )
                                     )
               Plaintiff-Appellee,   )
        v.                           )      No. 00-8004
                                     )
JILL T. THOMPSON,                    )
                                     )
               Defendant-Appellant.  )
_____    )

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Eastern Division at Columbus.
No. 98-56104, Adv. No. 98-0375

Argued : MARCH 7, 2001

Decided and Filed:  May 17, 2001

Before: BROWN, HOWARD, and MORGENSTERN-CLARREN, Bankruptcy Appellate
Panel Judges.

_____

**COUNSEL**

**ARGUED:**  Charles D. Underwood, Jr., Whitehall, Ohio, for Appellant.  Mark Albert Herder,
Columbus, Ohio, for Appellee.  **ON BRIEF:**  Charles D. Underwood, Jr., Whitehall, Ohio,
for Appellant.  Mark Albert Herder, Columbus, Ohio, for Appellee.

---

## OPINION

---

WILLIAM S. HOWARD, Bankruptcy Appellate Panel Judge. The Defendant/Appellant herein appeals the bankruptcy court's Order and Judgment that a debt alleged to be owed to the Plaintiff/Appellee is nondischargeable pursuant to 11 U.S.C. § 523(a)(4). We reverse on the issue of whether a state court magistrate's decision constituted a final judgment and was therefore entitled to preclusive effect, and remand for further proceedings.

## I.   ISSUES ON APPEAL

Whether the bankruptcy court erred in giving a state court magistrate's decision preclusive effect in a dischargeability proceeding, and whether it made sufficient findings of fact to independently conclude that the subject debt was nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

## II.   JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the BAP. The "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). Determinations of nondischargeability are final orders for purposes of appeal. *Nat'l City Bank v. Plechaty (In re Plechaty)*, 213 B.R. 119 (B.A.P. 6th Cir. 1997).

Findings of fact are reviewed under the clearly erroneous standard. FED.R.BANKR.P. 8013; FED.R.CIV.P. 52(a). "'If the bankruptcy court's factual findings are silent or ambiguous as to an outcome determinative factual question, the [reviewing court] may not engage in its own factfinding but, instead, must remand the case to the bankruptcy court for the necessary factual determination.'" *Hardin v. Caldwell (In re Caldwell),* 851 F.2d 852, 857 (6th Cir. 1988) *(quoting Newton v. Johnson (In re Edward M. Johnson & Assocs., Inc.)*, 845 F.2d 1395, 1401 (6th Cir. 1988) (quoting *Wegner v. Grunewald*, 821 F.2d 1317, 1320 (8th Cir. 1987)(citations omitted))).

Conclusions of law are reviewed de novo. *Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629 (6th Cir. 1994). "De novo review requires the Panel to review questions of law independent of the bankruptcy court's determination." *First Union Mortgage Corp. v. Eubanks (In re Eubanks)*, 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998) (citing *In re Schaffrath*, 214 B.R. 153, 154 (B.A.P. 6th Cir. 1997)). "The availability of collateral estoppel is a mixed question of law and fact which we review de novo." *United States v. Sandoz Pharmaceuticals Corp.*, 894 F.2d 825, 826 (6th Cir. 1990) (citing *Plaine v. McCabe*, 797 F.2d 713, 718 (9th Cir. 1986)). *See also Gonzalez v. Moffitt (In re Moffitt)*, 252 B.R. 916 (B.A.P. 6th Cir. 2000).

### III.   FACTS

This is an appeal from the Order and Judgment of the bankruptcy court entered on December 22, 1999, in an adversary proceeding in which the Plaintiff/Appellee, Robert R. Helfrich ("Helfrich"), sought to have a debt alleged to be owed to him by the Debtor, Defendant/Appellant Jill Thompson ("the Debtor"), declared to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (4). After trial on the matter, the court ruled that the subject debt as set out in a state court "judgment" was nondischargeable. Upon receipt of the record on appeal, the panel determined that the case needed to be remanded for the limited purpose of having the bankruptcy court file supplemental findings of fact and conclusions of law. Those were filed on August 8, 2000.

The record before the panel shows that Helfrich brought suit against the Debtor in the Court of Common Pleas of Franklin County, Ohio, and that a magistrate of that court conducted a trial on February 26 and 27, 1998. The magistrate found that Helfrich and the Debtor entered into an arrangement under which she agreed to write checks on her credit union checking account for Helfrich, and he agreed to deposit sufficient funds into her account to cover those checks. Helfrich was involved in a divorce proceeding at the time. The Debtor leased property from Helfrich and he decided to compensate her for this arrangement by reducing her monthly rent payment from $450.00 to $200.00. The Debtor's credit union began placing holds on the third party checks which Helfrich deposited into her account, and Helfrich deposited $7,786.00 into the account to cover the checks. Helfrich also delivered five cashier's checks (totaling $10,733.00) to the Debtor, instructed her to hold them, and never authorized her to negotiate them. The magistrate

rendered her Decision Following Jury-Waived Trial on June 9, 1998, granting a "judgment" against the Debtor in the principal amount of $18,519.00, plus interest. There is nothing in the record which indicates that the state trial court judge entered a judgment following the magistrate's decision.

The Debtor filed a Chapter 7 petition on June 23, 1998, and Helfrich filed his Complaint to Determine Dischargeability on September 28, 1998. The complaint refers to the debt owed to Helfrich by the Debtor as a judgment debt resulting from the state court magistrate's decision. In a two-part trial on the matter, on April 27, 1999, and December 13, 1999 (the Debtor had apparently not received notice of the first trial), the bankruptcy court heard testimony from Helfrich and the Debtor. At the conclusion of these proceedings, the court held that the debt was nondischargeable pursuant to 11 U.S.C. § 523(a)(4), based on the state court "judgment." The court made no findings of fact.

The bankruptcy court's Supplemental Findings of Fact and Conclusions of Law, provided after remand, state that Helfrich obtained a judgment against the Debtor in state court and that this judgment was entitled to preclusive effect as to the amount and nature of the debt. The bankruptcy court noted that "[ t]he magistrate specifically found that the defendant had converted [$18,519] from the plaintiff. The magistrate, in declining an award of punitive damages, did not conclude that the defendant had acted fraudulently or with actual malice in converting the plaintiff's money." In referring to the trial it conducted in this matter the bankruptcy court went on to state:

> In rendering its judgment, the Court concluded that the state court judgment was entitled to preclusive effect as to the amount and nature of the debt. The Court further concluded that under the facts of this case, the conversion amounted to "embezzlement" for purposes of 11 U.S.C. §523(a)(4).

and

> The defendant's fraudulent intent in taking the plaintiff's money was established by her actions after the plaintiff had informed her that his divorce proceedings were over and that he would now be handling his own finances. The defendant not only put off the plaintiff's request for return of the cashier's checks at that time, but actually cashed the last of these checks subsequent to the plaintiff's request. Moreover, the defendant's testimony that the plaintiff gave her permission to cash these checks if she needed the money was not credible,

and, therefore, constitutes further evidence of her fraudulent intent.

The latter was the bankruptcy court's only finding in regard to the testimony offered at trial.

## IV.    DISCUSSION

<u>The state court magistrate's decision was not a final judgment and is not entitled to preclusive effect</u>**.**

Normally the question of whether to give preclusive effect to a state court judgment in a dischargeability proceeding arises in the context of a motion for summary judgment. Here, however, a trial was conducted and the bankruptcy court failed to make any significant findings of fact.  On remand for the purpose of providing supplemental findings of fact and conclusions of law, the bankruptcy court explained its reliance on the magistrate's decision ("judgment") and its findings and conclusions regarding the fraud necessary to find a debt nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

A federal court is required to give a state court judgment the same preclusive effect that the judgment would have in state court.  *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693 (6th Cir. 1999); *Rally Hill Prods., Inc. v. Bursack (In re Bursack)*, 65 F.3d 51 (6th Cir. 1995). Here Ohio law controls.  Recently, the Court of Appeals of Ohio in *Harkai v. Scherba Industries, Inc.*, 736 N.E.2d 101 (Ohio 2000), addressed the question of whether a magistrate's decision was a final appealable order.  The court discussed the difference between a judgment and a decision under Ohio law:

> [A] "judgment" must be distinguished from a "decision."  See Sup.R. 7(A); Civ.R. 58(A); *William Cherry Trust v. Hofmann* (1985), 22 Ohio App.3d 100, 104, 22 OBR 288, 292, 489 N.E.2d 832, 835.  Indeed, pursuant to Civ.R. 54(A), a judgment "shall *not* contain a recital of pleadings, the magistrate's decision in a referred matter, or the record of the prior proceedings."  These matters are properly placed in the "decision."  A decision announces what the judgment will be. The judgment entry unequivocally orders the relief.  See *St. Vincent Charity Hosp. v. Mintz* (1987), 33 Ohio St.3d 121, 123, 515 N.E.2d 917, 919.

*Id.* at 105.  The court further stated:

> Whereas Civ.R. 53(C)(2) permits magistrates to enter certain interlocutory orders that "regulate [the] proceedings," Civ.R.

> 53(E)(1) permits a magistrate only to "prepare, sign, and file a magistrate's *decision*," not a "judgment." See *Barker v. Barker* (1997), 118 Ohio App.3d 706, 711, 693 N.E.2d 1164, 1167. Once a magistrate's decision has been filed and served upon the parties, the trial court must then act upon the decision. The parties are given the opportunity to object to the decision either before entry of judgment or within fourteen days thereafter. Although the judge entirely agrees with the decision of the magistrate, the judge must still separately enter his or her own judgment setting forth the outcome of the dispute and the remedy provided. See, *e.g., Wellborn v. K-Beck Furniture Mart, Inc.* (1977), 54 Ohio App.2d 65, 66, 8 O.O.3d 93, 94, 375 N.E.2d 61, 62; *Pace v. Pace* (Oct. 8, 1996), Gallia App. No. 95 CA 17, unreported, 1996 WL 595846. The judge is not permitted to conclude the case by simply referring to the magistrate's decision, even though it may appear more expedient to do so. (Footnote omitted)

*Id. at* 106. The Debtor filed her Chapter 7 petition fourteen days after entry of the magistrate's decision and nothing in the record indicates that a judgment was entered. Whatever the reason for the failure, the fact remains that there is no final, appealable state court judgment in the record which is entitled to preclusive effect and which may serve as a basis for the bankruptcy court's decision as to the amount and nature of the debt.

<u>The bankruptcy court's findings of fact were insufficient to support the conclusion that the debt was nondischargeable pursuant to 11 U.S.C. § 523(a)(4)</u>.

Having concluded that the bankruptcy court erred in giving preclusive effect to the state court magistrate's decision, the panel next considers the question of whether the bankruptcy court made sufficient findings of fact to support the conclusion that the subject debt was nondischargeable as embezzlement. Section 523(a)(4) provides that a debtor does not receive a discharge of any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]" 11 U.S.C. § 523(a)(4). Any finding based on the premise that there was a state court "judgment" is based on the bankruptcy court's continued "erroneous view of the law." *Pullman-Standard v. Swint,* 456 U.S. 273, 291 (1982).

The bankruptcy court's only independent finding from its trial of the matter did not address all the elements necessary to establish nondischargeability for embezzlement pursuant to 11 U.S.C. § 523(a)(4). In *Brady v. McAllister (In re Brady)*, 101 F.3d 1165,

1172-73 (6th Cir. 1996), the court stated the definition of and the elements necessary to prove embezzlement:

> Federal law defines "embezzlement" under section 523(a)(4) as "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Gribble v. Carlton (In re Carlton)*, 26 B.R. 202, 205 (Bankr.M.D.Tenn.1982) (quoting *Moore v. United States*, 160 U.S. 268, 269, 16 S.Ct. 294, 295, 40 L.Ed. 422 (1895)). A creditor proves embezzlement by showing that he entrusted his property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud. *Ball v. McDowell (In re McDowell)*, 162 B.R. 136, 140 (Bankr.N.D.Ohio1993).

There are no factual findings regarding: (1) what property was entrusted to the Debtor[1]; (2) what property the Debtor appropriated and how it was misused; or (3) the amount of the debt. "Rule 52(a) does not require an exhaustive determination of all the facts. It simply requires that the findings be sufficient to indicate the factual basis for the court's conclusion." *Semaan v. Allied Supermarkets, Inc. (In re Allied Supermarkets, Inc.)*, 951 F.2d 718, 726 (6th Cir. 1991). The bankruptcy court must make factual findings addressing each of these elements in order for its findings to be sufficient for purposes of review.

## V. CONCLUSION

The decision of the bankruptcy court that the state court magistrate's decision is entitled to preclusive effect is REVERSED and the remainder of the judgment is VACATED for the reason that the findings of fact, as supplemented, are not sufficient to permit appellate review. The case is REMANDED for further proceedings consistent with this opinion.

---

[1] Although the bankruptcy court's December 21, 1999 order and judgment refers to "an entrusted sum of $18,519.00," it is not clear that this is an independent finding. That court's erroneous reliance upon the magistrate's decision prevented the bankruptcy court from making sufficient independent findings of the required elements except for fraudulent intent.