JOURNAL ENTRY AND OPINION,
Defendant-appellant Francisco Meza appeals from a decision of the domestic relations court in this action for divorce. We dismiss the appeal for lack of a final appealable order.
On June 8, 1995, plaintiff-appellee Dorothy Schweinfurth commenced this action by filing a complaint for legal separation in the domestic relations court. She requested the court grant a legal separation, grant her reasonable spousal support, and make an award to her of her separate property and an equitable share of the marital property.[1] Defendant filed an answer and counterclaim for divorce.
In March 1996, the matter was referred to a magistrate for trial. The matter proceeded to trial over the course of several days in the Fall of 1996. Approximately two and one-half years later, on April 2, 1999, the magistrate issued a lengthy decision with findings of fact. Inter alia, the decision recommended the trial court make various orders concerning the disposition of marital and separate property. It concluded the Court should retain jurisdiction to make an award of spousal support for Plaintiff, both for sustenance support for a period of 5 years from the date of trial or until November of 2002. (Id. at 23.)
Each party was granted additional time to file, and in the Fall of 1999 ultimately filed, objections to the magistrate's decision. Approximately one year later, on August 10, 2000, the trial court denied the parties' respective objections and adopted the magistrate's decision. The trial court's one-page journal entry, however, entered no judgment and contained no orders for relief. The trial court merely made three modifications by referring to three pages of the magistrate's decision. The final modification concerning the outstanding claim for spousal support states as follows: the Court should retain jurisdiction to make an award of spousal support for Plaintiff . . . until November of 2001.
Defendant appeals raising five assignments of error.[2] Prior to considering the merits of his arguments, however, we must determine whether we have subject matter jurisdiction to review this appeal. We conclude that we lack such jurisdiction because the trial court did not enter a final appealable order.
It is well established that orders denying objections to magistrate's decisions do not constitute final appealable orders because they do not enter judgments. Harkai v. Scherba Industries, Inc. (2000),136 Ohio App.3d 211; see also In re Zakov (1995), 107 Ohio App.3d 716; In re Michael (1991), 71 Ohio App.3d 727 (same for referee's reports). The Harkai Court discussed the relevant principles at length and we need not repeat that discussion. Although a magistrate's decision may propose what the ultimate judgment may be, and announce the decision of the court if adopted, the trial court must nevertheless journalize a judgment entry which unequivocally orders the relief provided to the parties.
Harkai provides as follows:
 * * * Although the judge entirely agrees with the decision of the magistrate, the judgment must still separately enter his or her own judgment setting forth the outcome of the dispute and the remedy provided. See, e.g., Wellborn v. K-Beck Furniture Mart, Inc. (1977), 54 Ohio App.2d 65, 66, 8 O.O.2d 93, 94, 375 N.E.2d 61, 62; Pace v. Pace (Oct. 8, 1996), Gallia App. No. 95 CA 27, unreported, 1996 WL 595846. The judge is not permitted to conclude the case by simply referring to the magistrate's decision, even though it may appear more expedient to do so.
Id. at 218.
In re Michael emphasized that the trial court's final determination must sufficiently address those issues [submitted to the court] so that the parties may know of their rights and obligations by referring only to that document known as the judgment entry. Id. at 729.
Finally, even if the trial court had complied with these requirements, its journal entry also retains jurisdiction to determine an award of spousal support in the future. Because the claim for spousal support was filed and remains pending and unadjudicated in the trial court, any disposition of the action was only partial and interlocutory. See In re Zakov, supra at 718 (Notation that Restitution to be determined rendered order interlocutory).
Accordingly, the appeal is hereby dismissed for lack of a final appealable order.
It is ordered that appellee recover of appellant her costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________________ DIANE KARPINSKI, ADMINISTRATIVE JUDGE:
KENNETH A. ROCCO, J., and ANN DYKE, J., CONCUR.
[1] During oral argument the parties stated that plaintiff filed no claim for spousal support. The relief requested in her complaint, however, provides as follows:
 WHEREFORE, the Plaintiff demands that she be granted a decree of legal separation; that she be granted reasonable spousal support; that the Court make a determinationof marital and separate property and award to Plaintiff her separate property and an equitable division of marital property; that she be awarded costs herein, including, a reasonable sum for expenses and attorney fees in this action; and for such other and further relief as shall be proper and necessary.
[Emphasis added.]
[2] Plaintiff-appellant's five assignments of error are set forth in the Appendix.
 APPENDIX I. The Trial Court's Finding That The Termination Date Of The Marriage Was June, 1995 Was Against The Weight Of The Evidence And An Abuse Of Discretion.
 II. The Trial Court Erred When It Failed To Divide The Amount Of The Depreciation On The Plaza Libre Property.
 III. The Trial Court Erred In Its Determination Of Appellee's Separate Property Interest In Her M.W. Kellogg Company Savings And Investment Plan.
 IV. The Trial Court Erred by Valuing Appellee's M.W. Kellogg Savings Plan, M.K. Ferguson Retirement Account And Charles Schwab Retirement Account As Of A Date Prior To The Date of Trial.
 V. The Trial Court Erred By Failing To Award Appellant The Increase In Value Of His Share Of Appellee's Savings And Retirement Accounts From The Date Of Trial Until The Present.
 VI. The Trial Court Erred In Reserving Jurisdiction To Award Spousal Support To Appellee At A Later Date When It Did Not Award Appellee Spousal Support At The Time Of Its Order.