DECISION
James W. Harrison, plaintiff-appellant, appeals the January 5, 2001 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, wherein the court found him guilty of contempt.
Appellant and Anne G. Harrison, defendant-appellee, were granted a decree of divorce in September 1984. Appellant was given permanent custody of the parties' two children. Appellee filed a motion to modify custody in June 1989, which was denied in February 1991. On June 17, 1996, appellee filed a motion to modify parental rights. On August 2, 1996, an agreed magistrate's order was filed designating appellee as the residential parent and legal custodian of the parties' minor son, Chandler, and terminating appellee's child support payments. On August 18, 1997, an agreed judgment was journalized, which established appellant's child support obligation to appellee. The parties also acknowledged a direct payment of child support appellant owed appellee between July 30, 1996 and April 30, 1997. It was further established that appellant owed appellee approximately $5,500 for overpayment of child support from October 1, 1995, through July 30, 1996. No order for payment was provided due to the issue of each party's obligation for outstanding medical expenses for the children.
The matter of uncovered medical, dental, and optical expenses was heard before a magistrate on September 25, 1997. The magistrate issued a decision on February 3, 1998, finding: (1) neither party owed the other for tuition and tutoring or for an Outward Bound program; (2) the magistrate had insufficient evidence to determine whether the medical expenses were ordinary or extraordinary; (3) appellee owed approximately $1,400 to appellant as she had previously stipulated; (4) appellant owed appellee approximately $5,500 for overpayment of child support; and (5) neither party addressed the issue of the tax dependency exemption so the magistrate could not make a determination on this issue.
Appellant objected to the magistrate's decision. On February 11, 1999, the trial court affirmed the magistrate's decision, remanding the issue of the unpaid extraordinary medical, dental, and optical expenses to the magistrate. After a February 2, 2000 hearing, the magistrate filed a decision on February 22, 2000, in which she determined each party was responsible for one-half of the uncovered extraordinary medical expenses totaling approximately $5,000. Thus, after indicating the previous amounts each party already paid toward those expenses, the magistrate found that appellee owed appellant approximately $1,200. Appellant filed objections to the magistrate's decision on March 7, 2000. On March 15, 2000, appellee filed a motion for contempt, claiming that appellant had failed to pay the $5,500 as ordered in the February 3, 1998 magistrate's decision.
On May 15, 2000, the trial court issued a decision and judgment entry, in which it found the magistrate's determination that appellee owed appellant $1,200 was supported by the evidence. As to appellee's motion for contempt, appellant argued that when he filed his objections to the magistrate's February 3, 1998 decision, an automatic stay was in effect, relieving him of his obligation to pay that amount. The trial court found appellant was still obligated to pay the child support overpayment pursuant to the February 3, 1998 magistrate's order, but denied appellee's request for attorney fees due to possible confusion that may have existed.
On August 22, 2000, appellee filed a motion for contempt based upon appellant's failure to comply with the May 15, 2000 judgment. The trial court held a hearing on the motion for contempt on November 20, 2000, at which appellant claimed the judgment entry of May 15, 2000 was not a final order from which a contempt could be found. On January 5, 2001, the trial court issued a judgment finding appellant guilty of contempt. Appellant appeals the trial court's judgment, asserting the following assignment of error:
 THE TRIAL COURT ERRED IN HOLDING THE "JUDGMENT ENTRY" OF MAY 15, 2000, WAS A FINAL ORDER ENFORCEABLE BY CONTEMPT.
Appellant argues in his sole assignment of error that the trial court erred in holding the judgment entry of May 15, 2000 was a final order enforceable by contempt. Appellant cites a number of cases from other appellate districts in support of his proposition that a document filed by a trial court, merely indicating that a magistrate's report is approved, confirmed, or adopted, is not sufficient to constitute a final and enforceable judgment entry because such a document does not dispose of the matters at issue such that the parties need not resort to any other document to ascertain their rights and obligations.
Appellant relies largely upon the analysis in a decision rendered by the Lucas County Court of Appeals: Sabrina J. v. Robbin C. (Jan. 26, 2001), Lucas App. No. L-00-1374, unreported. In Sabrina J., the trial court issued a judgment entry summarily denying one of the party's objections in a single sentence and ordering the magistrate's decision be "affirmed" and "made the order of this court." Id. On appeal, the court held that an order of a trial court that merely adopts a magistrate's decision and enters it as the judgment of the court is not a final appealable order. Thus, it reversed and remanded the matter for the trial court to render a final judgment consistent with its decision.
In arriving at its conclusion, the court in Sabrina J. summarized the holdings of several appellate districts on this issue and stated it was "decidedly out of step" with the other districts. However, the underlying facts in Sabrina J., and the cases cited in Sabrina J., are easily distinguishable on at least one obvious ground from the circumstances in the present case. All of the cited cases concern a court document that nonspecifically overruled objections to the magistrate's decision and/or merely "approved and adopted" the magistrate's decision. The following summarizes the cases cited by Sabrina J. from other districts:
From the Second District, Tishman Midwest Mgmt. Corp. v. Hunt (Mar. 30, 1987), Montgomery App. No. CA 9938, unreported (a "decision" that overruled objections and stated that the referee's report was "approved and confirmed" without indicating specific relief was not a final appealable order). From the Third District, Reiter v. Reiter (May 11, 1999), Hancock App. No. 5-98-32, unreported (an entry that overruled the parties' objections to the magistrate's decision and "approved and adopted" the magistrate's decision was not a final appealable order).
From the Fourth District, Fields v. Fields (Aug. 28, 1998), Lawrence App. No. 97 CA 50, unreported (trial court's entry that merely indicated it had reviewed the referee's report and objections to the report and "approved and adopted" the referee's report was not a final appealable order). From the Seventh District, Muzenic v. Muzenic (June 6, 2000), Mahoning App. No. 95 CA 181, unreported (trial court's "abbreviated judgment entry" that failed to render a specific ruling on objections and merely adopted the findings and recommendations of the court referee, as well as failed to rule upon several issues, was not a final appealable order). From the Eighth District, Kubicek v. Kubicek (Oct. 21, 1993), Cuyahoga App. No. 63521, unreported (trial court's "half sheet" entry stating it reviewed the objections of the parties and overruled them and independently adopted the referee's report subject to modification was not a final appealable order because it did not separately state the court's own judgment). The court in Sabrina J. also incorrectly attributes to the Tenth District an Eighth District case, In re Estate of Maddox (Feb. 6, 1986), Cuyahoga App. No. 50106, unreported (trial court's decision ruled on the parties' objections but was not a final appealable order because it did not reject, adopt, or modify the referee's report pursuant to Civ.R. 53).
From the Ninth District, Walker v. Walker (Aug. 5, 1987), Summit App. No. 12978, unreported (trial court's entry that merely stated it considered the objections to the referee's ruling and made the referee's findings and recommendations an order of the court was not a final appealable order), and Harkai v. Scherba Industries, Inc. (2000),136 Ohio App.3d 211 (trial court's "judgment entry" that stated it considered the parties' objections and "affirmed" the magistrate's decision was not a final appealable order). The court in Sabrina J. also cites from the Eleventh District, McClain v. McClain (Feb. 12, 1999), Portage App. No. 98-P-0002, unreported. However, McClain does not contain the quote attributed to it; rather, via the granting of a motion for reconsideration, McClain vacates and holds for naught a February 16, 1999 decision and entry dismissing the case for lack of a final appealable order. Thus, this case is inapplicable.
In support of its position, appellant directs us to only one decision from this court. In Wellborn v. K-Beck Furniture Mart, Inc. (1977),54 Ohio App.2d 65, we held in the syllabus: "Under Civ.R. 53, the mere statement that a referee's report is approved does not constitute a judgment." However, the underlying circumstances in Wellborn are the same as those in the above cited cases. In Wellborn, after objections to the referee's report and briefs were submitted to the trial court, the court entered the following ruling upon an abbreviated "half sheet": "The objections to the report of the referee is [sic] overruled. The referee's report is approved." Id. at 66. Thus, like the above cases, the judgment we found defective was a very brief document that generally overruled objections and merely "approved" the referee's decision. A review of this case also reveals that we held only that a trial court must "reduce that recommendation to a judgment by a proper judgment entry" and cannot merely state that the referee's report is "approved." Id. We did not further delineate what a "proper judgment entry" entailed, rendering its precedential value in the present case dubious.
Unlike all of the cases cited by appellant and those in Sabrina J., in the present case, the trial court issued a judgment entry that attached and incorporated a lengthy decision on the objections and contempt motion. The decision incorporated into the trial court's judgment entry specifically sets forth the history of the case, the issues currently before it, the findings of the magistrate, the filing dates of the various documents, and the dates of various hearings before it and the magistrate. The trial court's decision also cites case law, refers to the transcript, and dispenses with each objection after a complete analysis. Further, in both the objections portion and the contempt portion of the court's decision, the trial court made specific orders based upon its determinations. Clearly, through this decision incorporated into the judgment entry, the parties are able to determine their respective rights and duties. Appellant does not contend otherwise. Contrary to Sabrina J. and the cases it cites, in the present case, the trial court did not "merely [adopt] a magistrate's decision and [enter] it as the judgment of the court." Sabrina J., supra. The trial court issued a judgment entry incorporating its decision that included specific orders. The distinguishing facts in the present case make any further pronouncement of this court's position regarding the analysis and reasoning employed in Sabrina J. and the above line of cases premature.
Further, although the cases cited by appellant and Sabrina J. stand for the proposition that a trial court may not merely approve, adopt, and incorporate by reference a magistrate's decision in a purported judgment entry, appellant fails to direct us to any case law that states a trial court may not properly incorporate by reference its own decision and orders into a judgment entry in order to meet the necessary requirements of a final order. We see no reason why the judgment entry in the present case, to which was attached a full decision on the objections and the contempt motion, should not be considered a final order pursuant to Civ.R. 54(A) from which a contempt action may lie. Therefore, we find appellant's arguments without merit and overrule his assignment of error.
We also note that there may be other reasons for finding the judgment in the current case sufficient to constitute a final order from which one may be held in contempt, including the substantial 1995 modification of Civ.R. 53(E), which Sabrina J. and the other cited cases either fail to address, do not address at length, or were decided before. However, as other grounds exist to overrule appellant's assignment of error, as indicated above, we need not delve into possible alternative grounds in this decision.
Accordingly, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
 _________________ BROWN, J.
LAZARUS and DESHLER, JJ., concur.