JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, John Biddulph, appeals the judgment of the Cuyahoga County Common Pleas Court, Probate Division, which affirmed as modified a magistrate's decision on appellant's complaint for declaratory judgment and other relief. For the reasons that follow, we dismiss appellant's appeal for lack of a final appealable order.
{¶ 2} The record reveals that appellant filed a seven-count complaint against defendants-appellees, Bonita Rose Delorenzo, Ronald Delorenzo and Butternut Ridge Properties, Ltd. Appellant and Bonita Rose Delorenzo are brother and sister as well as beneficiaries under a inter vivos trust created by their father, George Biddulph. Bonita is the trustee of the trust, while her husband and co-defendant, Ronald Delorenzo, is named as successor trustee. Ronald is also the owner of Butternut Ridge Properties, Ltd. ("BRP"). In his complaint against these defendants, appellant alleges, inter alia, that Bonita breached her fiduciary duty when she fraudulently sold several parcels of trust property to BRP, a company controlled by her husband, in violation of the prohibition against self-dealing by one in a fiduciary position.[1]
Bonita counterclaimed for unjust enrichment while BRP counterclaimed for reimbursement should the court void the transfer and unspecified damages regardless of the eventual disposition.
{¶ 3} The matter was referred to a magistrate, who issued a report[2] after a three-day hearing. As is pertinent to appellant's complaint and this appeal, the magistrate found that the trustee's actions did not amount to self-dealing because the trust document expressly authorized her to purchase trust assets in her individual capacity and, further, that she did not breach her duty of loyalty to appellant as beneficiary. The magistrate did, however, find that the trustee's use of John's portion of the sale proceeds to be inequitable and adjusted those figures accordingly. The magistrate recommended that all remaining claims and counterclaims be dismissed.
{¶ 4} Appellant filed objections to the magistrate's decision. After a hearing, the trial court judge stated in its judgment entry that it was modifying the distribution of the sale proceeds but otherwise overruled appellant's objections and affirmed the decision of the magistrate. The court specifically ordered Bonita to reimburse the trust for the legal fees she withdrew from John's portion of the sale proceeds. The court further entered an order overruling the objections and modifying the amount distributed from the trust to Bonita. The court thereafter ordered the "finding of the Report of Magistrate [sic] is affirmed as modified."
{¶ 5} Appellant is now before this court and assigns two errors for our review. Before we consider the merits of appellant's appeal, however, we must determine whether we have subject matter jurisdiction to review this appeal. We conclude that we lack such jurisdiction because the trial court did not enter a final appealable order.
{¶ 6} We recently addressed this very same issue in Schweinfurthv. Meza (June 21, 2001), Cuyahoga App. No. 78507, 2001 Ohio App. Lexis 2761. Relying on Harkai v. Scherba Industries, Inc. (2000),136 Ohio App.3d 211, an extensive and well-reasoned opinion on this issue from the Ninth Appellate District, we held that a trial court must journalize a judgment that unequivocally orders the relief provided to the parties and cannot merely adopt or affirm the magistrate's decision. As stated in Harkai, 136 Ohio App.3d at 218:
 {¶ 7} * * * Although the judge entirely agrees with the decision of the magistrate, the judgment must still separately enter his or her own judgment setting forth the outcome of the dispute and the remedy provided. See, e.g., Wellborn v. K-Beck Furniture Mart, Inc. (1977), 54 Ohio App.2d 65, 66, 8 O.O.3d 93, 94, 375 N.E.2d 61; Pace v. Pace (Oct. 8, 1996), Gallia App. No. 95 CA 17, unreported. The judge is not permitted to conclude the case by simply referring to the magistrate's decision, even though it may appear more expedient to do so.
{¶ 8} See, also, In re Zakov (1995), 107 Ohio App.3d 716;Harkins v. Wasiloski, 7th Dist. No. 00 CA 9, 2001-Ohio-3464, 2001 Ohio App. Lexis 5466.
{¶ 9} In this case, the trial court judge modified portions of the magistrate's decision but entered no further orders other than to overrule objections and affirm, as modified, the magistrate's decision. Such an entry does not settle all the issues between the parties and, consequently, does not constitute a final order capable of review by this court.
{¶ 10} Accordingly, this appeal is hereby dismissed for lack of a final appealable order.
This appeal is dismissed.
It is, therefore, ordered that appellees recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court, Probate Division, directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J. and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] The record reveals that Bonita retained one-half of the proceeds of this sale. When John failed to execute a release, the trustee withheld the remaining proceeds and eventually used the majority of these funds to pay the costs of litigation.
[2] This decision is captioned "Magistrate's Report." Civ.R. 53, however, was substantially amended in 1995 and the term "report" was replaced with "decision." See Civ.R. 53(E); see, also, Mielev. Ribovich, 90 Ohio St.3d 439, 442-444, 2000-Ohio-193. We will, accordingly, refer to that document as such.