DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Lawrence County Municipal Court judgment that denied a motion for new trial filed by Chad Kelly and Diane Kelly, defendants below and appellants herein, on their counterclaim against Arthur King, plaintiff below and appellee herein. The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 {¶ 2} "THE TRIAL COURT ABUSED ITS DISCRETION IN NOT OVERRULING THE MAGISTRATE'S FAILURE TO GRANT A SHORT BUT SUFFICIENT CONTINUANCE WHEN THE MAGISTRATE KNEW DEFENDANTS WERE ON THEIR WAY TO COURT."
SECOND ASSIGNMENT OF ERROR:
 {¶ 3} "THE LAWRENCE COUNTY MUNICIPAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANTS' MOTION FOR A NEW TRIAL."
 {¶ 4} On April 6, 2001, appellee filed a complaint in the Lawrence County Municipal Court, Small Claims Division, and alleged that appellants owed him monies for unpaid rent and utility bills. Appellee asked for $2,683.35 in compensatory damages. Appellants denied liability on the complaint and alleged, in their counterclaim, that appellee breached his statutory duty to repair the premises, breached his obligations under their oral lease agreement and failed to return the couple's security deposit. They asked for combined damages in excess of $2,600. Appellee denied liability on the counterclaim.
 {¶ 5} The matter came on for an evidentiary hearing on June 19, 2001. Appellants, however, did not appear in court. Their counsel did appear and was granted a short continuance in order to ascertain their whereabouts. After calling their home and receiving information that they were on their way, counsel returned and related this information to the magistrate. Nevertheless, the magistrate decided to commence the hearing.
 {¶ 6} At the hearing appellee testified that he leased the premises to appellants in September of 1999 for $550 per month with the understanding that they would perform certain repair work on the premises in exchange for a $100 rebate off the rent. He further stated that appellees did little of the work expected of them and, in addition, failed to pay two months rent. Appellee testified that appellants owed him $900 for those months and, owed him $1,055.16 for unpaid utility bills.[2]
 {¶ 7} At the conclusion of the hearing, appellants' counsel learned that his clients were on their way after having appeared for the hearing at a different location. As it turned out, counsel had inadvertently told them that the hearing was scheduled to be held at the Ironton Municipal Court, in Ironton, Ohio, rather than the Lawrence County Municipal Court, in Chesapeake, Ohio. Appellants did not realize their mistake until the hearing was already under way and were en route from Ironton to Chesapeake. The magistrate granted appellants a fifteen minute additional continuance but, when appellants did not appear in that time, deemed the case submitted for decision. Appellants arrived at the Municipal Court some ten minutes later.
 {¶ 8} On June 19, 2001, the magistrate filed a recommendation that appellee be awarded $1,605.18 in damages. Appellants filed "objections" to the report and asked that the matter be reopened so that evidence could be presented on their counterclaim. The trial court overruled the objections and, on July 13, 2001, entered judgment "as recommended" by the magistrate.
 {¶ 9} On July 25, 2001, appellants filed a motion for new trial pursuant to Civ.R. 59(A)(1) and argued that the magistrate's refusal to grant them a further continuance constituted an abuse of discretion. The trial court took the matter under advisement and, on October 23, 2001, overruled the motion. This appeal followed.
 {¶ 10} Before we address appellants' assignments of error on their merits, we must first address a threshold issue concerning the trial court's "judgment entry." We note that in the case sub judice the July 13, 2001 entry states in its entirety as follows:
 {¶ 11} "The report of the referee is/is not approved. Judgment is hereby granted (not granted) as recommended."[3]
 {¶ 12} This entry does not, however, constitute a "judgment" for purposes of appellate review. One fundamental principle of the law of judgments is that in order to terminate an action, the judgment must contain a statement of the relief being afforded. Yahraus v.Circleville, Pickaway App. No. 00CA04, 2000-Ohio-2019. Thus, a trial court order that merely adopts a magistrate's decision, without specifying the relief being granted, does not constitute a final appealable order. Id.; also see e.g. Harkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211, 221, 736 N.E.2d 101; Wellborn v. K-BeckFurniture Mart, Inc. (1977), 54 Ohio App.2d 65, 66, 375 N.E.2d 61;Sabrina J. v. Robbin C. (Jan. 26, 2001), Lucas App. No. L-00-1374;Muzenic v. Muzenic (Jun. 6, 2000), Mahoning App. No. 95CA181; Civ.R. 54(A).
 {¶ 13} In sum, we note that the trial court's July 13, 2001 entry does not specify or include the relief afforded to appellee. Consequently, it does not constitute a final order and this Court does not have jurisdiction to review the matter.[4] Accordingly, we hereby dismiss this appeal and remand the case for entry of judgment consistent with this opinion.
APPEAL DISMISSED
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J.: Dissents.
Evans, J.: Concurs in Judgment Opinion.
[2] Appellee explained that the utility accounts were in his name and that appellants were to switch them into their names once they took possession of the property. They failed to do so, however, and left the property with appellee responsible for a $646.75 electric bill, a $240.68 sewer bill and a $167.33 water bill.
[3] The phrases "is not approved" and "not granted" had a line drawn through them and were presumably stricken from the intended language of the entry.
[4] An appellate court has appellate jurisdiction over final orders. See Section 3(B)(2), Article IV, Ohio Constitution. If an order is not "final," then we have no jurisdiction to review the matter and the appeal must be dismissed. Davison v. Reni (1996), 115 Ohio App.3d 688, 692,686 N.E.2d 278; Prod. Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207,210, 621 N.E.2d 1360; Kouns v. Pemberton (1992), 84 Ohio App.3d 499,501, 617 N.E.2d 701.