DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Gallia County Common Pleas Court judgment that overruled objections to a magistrate's report in the divorce action between Gregory White, plaintiff below and appellee herein, and Karen White, defendant below and appellant herein. The following errors are assigned for review:
FIRST ASSIGNMENT OF ERROR:
 {¶ 2} "THE COURT ERRED WHEN IT FOUND THE PARTIES ABANDONED CONTRACT OF JUNE 2, 1995."
SECOND ASSIGNMENT OF ERROR:
 {¶ 3} "THE MAGISTRATE ERRED WHEN HE FOUND: `THE UNCONTROVERTED TESTIMONY IS THAT HE EVEN PROVIDED THE $10,000.00 FOR EACH OF THE DEFENDANT'S CHILDREN, BUT THIS MONEY WAS USED IN DEFENDANT'S VARIOUS BUSINESSES.'"
THIRD ASSIGNMENT OF ERROR:
 {¶ 4} "THE MAGISTRATE ERRED WHEN HE FAILED TO ALLOW INTO EVIDENCE THE DEPOSITION OF DR. SHAH."
FOURTH ASSIGNMENT OF ERROR:
 {¶ 5} "THE MAGISTRATE ERRED WHEN HE FAILED TO CONSIDER ALL FACTS FOR SPOUSE SUPPORT AND WHEN HE FAILED TO AWARD KAREN WHITE SPOUSAL SUPPORT."
FIFTH ASSIGNMENT OF ERROR:
 {¶ 6} "THE MAGISTRATE ERRED WHEN HE ORDERED THE MARITAL HOME SOLD."
SIXTH ASSIGNMENT OF ERROR:
 {¶ 7} "THE MAGISTRATE ERRED WHEN HE MADE THE FOLLOWING FINDINGS IN PARAGRAPH FOUR (4) OF THE SECOND PAGE OF HIS DECISION."
SEVENTH ASSIGNMENT OF ERROR:
 {¶ 8} "THE MAGISTRATE ERRED IN ORDERING SHARED PARENTING WITH EACH PARTY HAVING THE CHILD FOR THREE WEEKS."
EIGHTH ASSIGNMENT OF ERROR:
 {¶ 9} "THE COURT ERRED WHEN IT DENIED KAREN WHITE [sic] REQUEST FOR EXPENSES [sic] MONEY FOR THE TRANSCRIPT AND ATTORNEY FEES."
 {¶ 10} A brief summary of the facts pertinent to this appeal is as follows. The parties married September 21, 1996 and one child was born as issue of that marriage (Jillian Nichole White D.O.B. 6-29-97). Three years later, appellee filed for divorce and alleged incompatibility, gross neglect of duty, and extreme cruelty. Appellee asked for, among other things, an equitable division of property and custody of their daughter.
 {¶ 11} On October 19, 1999, appellant denied her husband's allegations. She also filed a counterclaim for divorce and asserted incompatibility, gross neglect of duty, and extreme cruelty. Appellant asked for custody of their daughter, child support and a "distributive award in accordance with Section 3105.171 ORC."
 {¶ 12} After protracted discovery and ancillary proceedings on other issues, the matter came on for hearing before a magistrate. Both parties agreed they were incompatible. After hearing testimony on other issues, the magistrate took the matter under advisement. On September 12, 2001, the magistrate filed an extensive decision and recommended that the marriage be "dissolved" and that the parties have joint custody of their daughter. The magistrate further suggested a proposed distribution of marital property. On the last page of the magistrate's decision, the trial court endorsed an "interim order" and adopted that decision.
 {¶ 13} On September 19, 2001, appellant filed objections to the magistrate's decision. On October 24, 2001, the trial court heard arguments from counsel on appellant's objections and agreed to review the file. The court issued an entry on October 30, 2001 and overruled most of the objections. The court sustained one objection, however, regarding personal property division. As modified, the court noted that it adopted "the Magistrate's Decision as [its] final order." This appeal followed.
 {¶ 14} Before we review the various assignments of error, we must first address a threshold jurisdictional problem. The trial court's October 31, 2001 entry and its "interim order" endorsed on the September 12, 2001 magistrate's decision states that the court "adopts" the magistrate's decision as its own order. We, however, find no recitation of the relief afforded the parties as part of that order. Thus, we believe that a judgment does not exist, in light of Civ.R. 54(A), for purposes of appellate review.
 {¶ 15} One of the fundamental principles of the law of judgments is that in order to terminate an action, a judgment must contain a statement of the relief afforded. Yahraus v. Circleville (Dec. 15, 2000), Pickaway App. No. 00CA04. Thus, a trial court order which merely adopts a magistrate's decision, without specifying the relief being granted, does not constitute a final appealable order. Id.; also see e.g. Harkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211,736 N.E.2d 101; Wellborn v. K-Beck Furniture Mart, Inc. (1977),54 Ohio App.2d 65, 66, 375 N.E.2d 61; King v. Kelly (Sep. 3, 2002), Lawrence App. No. 01CA33, 2002-Ohio-4647, at ¶ 12; Sabrina J. v.Robbin C. (Jan. 26, 2001), Lucas App. No. L-00-1374; Muzenic v. Muzenic
(Jun. 6, 2000), Mahoning App. No. 95CA181, Civ.R. 54(A).
 {¶ 16} In the case sub judice, nowhere in the trial court's interim order (endorsed at the end of the magistrate's decision) or in the October 30, 2001 entry on appellant's objections does the court specify the relief being afforded to the parties.[1] Consequently, no final order exists in this case and we have no jurisdiction to review these "judgments."[2] Accordingly, the instant appeal is hereby dismissed and the case is remanded for entry of a judgment consistent with this opinion.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J.: Dissents.
Evans, J.: Concurs in Judgment Opinion.
[1] The trial court's October 30, 2001 entry that overruled the objections to the magistrate's decision does attempt to adopt appellee's proposed shared parenting plan, and orders wages withheld from his employer. However, we find no actual judgment granting the divorce or distributing property.
[2] This Court only has appellate jurisdiction over final orders. See Section 3(B)(2), Article IV, Ohio Constitution. If an order is not "final," then we have no jurisdiction to review the matter and the appeal must be dismissed. Davison v. Reni (1996), 115 Ohio App.3d 688, 692,686 N.E.2d 278; Prod. Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207,210, 621 N.E.2d 1360; Kouns v. Pemberton (1992), 84 Ohio App.3d 499,501, 617 N.E.2d 701.