{¶ 26} First, I agree with the principal opinion that a trial court's judgment should, when appropriate, explicitly adopt a magistrate's decision. Second, my review of the trial court's "judgment" in the instant case reveals an additional threshold procedural or jurisdictional problem.
 {¶ 27} It is a fundamental principle of the law of judgments that in order to terminate an action, a judgment must contain a statement of the relief afforded. White v. White, Gallia App. No. 01CA12,2002-Ohio-6304, at ¶ 15; Yahraus v. Circleville (Dec. 15, 2000), Pickaway App. No. 00CA04. Thus, a purported judgment that does not specify the relief granted does not terminate the action and does not constitute a final appealable order. See Harkai v. Scherba Industries
(2000), 136 Ohio App.3d 211, 221, 736 N.E.2d 101; Wellborn v. K-BeckFurn. Mart, Inc. (1977), 54 Ohio App.2d 65, 66, 375 N.E.2d 61; King v.Kelly, Lawrence App. No. 01CA33, 2002-Ohio-4647, at ¶ 12. See, also, In re Zakov (1995), 107 Ohio App.3d 716, 669 N.E.2d 344; Reiter v.Reiter (May 11, 1999), Hancock App. No. 5-98-32; In re Elliott (Mar. 3, 1998), Ross App. No. 97CA2313; Pace v. Pace (Oct. 8, 1996), Gallia App. No. 95CA1. In the instant case, the trial court's "judgment" does not specify the complete nature of the relief granted to the parties.
 {¶ 28} Accordingly, based upon the foregoing reasons I believe that the "judgment" at issue does not terminate the action and, consequently, this court does not have jurisdiction to review this matter. Thus I agree that this appeal must be dismissed.
 JUDGMENT ENTRY
It is ordered that the APPEAL IS DISMISSED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the HOCKING COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion.
Abele, J.: Concurs in Judgment Only with Opinion.