**In re ZAKOV.**

[Cite as *In re Zakov* (1995), 107 Ohio App.3d 716.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 95–G–1929.

Decided Dec. 26, 1995.

*David P. Joyce,* Geauga County Prosecuting Attorney, and *Jonathon P. Evans,* Assistant Prosecuting Attorney, for appellee, state of Ohio.

*A. Scott Fromson & Associates* and *A. Scott Fromson,* for appellant, Dirk T. Zakov.

FORD, Presiding Judge.

Appellant, Dirk T. Zakov, on May 16, 1995, was found to be a juvenile traffic offender. A dispositional hearing was had before a referee on June 9, 1995.

Appellant has appealed from the trial court entry signed by the judge on June 23, 1995, which was filed the same day with the clerk's office.

On the upper portion of the entry are the referee's June 9, 1995 findings and recommendations from the dispositional hearing. The referee recommended that appellant be given a forty-five day license suspension and fined $25 and costs. Any restitution owed was "to be determined." Then, on June 23, 1995, the court signed the entry under the portion identified as "JOURNAL ENTRY." It provided:

"The Court after reviewing the findings and recommendations of the Referee in the above captioned matter, adopts the findings and recommendations of the Referee as being just and equitable and therefore Orders, Decrees, and Adjudges that the findings and recommendations of the Referee become the Order of the Court."

■ This, however, does not constitute a final appealable order. In a memorandum opinion released by this court, we held that "an entry merely incorporating the recommendations of a referee's report does not suffice as a judgment." *Wyatt v. Wyatt* (Apr. 7, 1995), Portage App. No. 94–P–0085, unreported, 3. In *In re Michael* (1991), 71 Ohio App.3d 727, 729, 595 N.E.2d 397, 398, this court stated:

"A judgment is generally defined as a pronouncement which determines the matters submitted to a court. *State ex rel. Curran v. Brookes* (1943), 142 Ohio St. 107 [26 O.O. 287, 50 N.E.2d 995]. However, the adoption or rejection of the referee's report is not the matter which has been submitted to the court, rather the report is merely an additional resource at the court's disposal in determining the issues before it. This determination must sufficiently address those issues so that the parties may know of their rights and obligations by referring only to that document known as the judgment entry.

" 'The characteristics of such a document has been described in *Cox v. Cox* ([Mar.] 15, 1991), Trumbull App. No. 90–T–4396, unreported [1991 WL 35642] (Judge Ford concurring at page 3), which states:

" ' "It is fundamental that the trial court employ diction which should include sufficient operative, action-like and conclusionary verbiage to satisfy the foregoing fundamental elements. Obviously, it is not necessary for such directive to be encyclopedic in character, but it should contain clear language to provide basic notice of rights, duties, and obligations." ' See, also, *In re Nebbia* (Aug. 23, 1991), Lake App. No. 90–L–15–139, unreported [1991 WL 163448]."

In *Wyatt*, we concluded that "this court expects a referee's report and the court's judgment entry *to be separate and distinct instruments* which are complete and independent of each other." (Emphasis added.) *Id.* at 3–4.

■ Finally, it should be likewise noted that the notation "Restitution to be determined" renders this entry interlocutory. With this language, appellant is not aware of his duties and obligations. He is obligated to make restitution, but it is for an amount undetermined.

Based upon the foregoing, the appeal is dismissed. The parties may move for reinstatement of this action within thirty days of obtaining a final appealable order.

*Appeal dismissed.*

CHRISTLEY and JOSEPH E. MAHONEY, JJ., concur.