[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
This is an appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division. Appellant, Karen M. Swarmer, appeals from a judgment entry ordering her to pay $552 per month in child support.
The factual record before this court is sparse. Appellant and appellee, Gregory J. Swarmer, were divorced in Allegheny County, Pennsylvania. Three children were born as issue of the marriage: Amanda Jean, born on September 22, 1981, and Andrea Louise and Andrew Keith, both born on December 30, 1982. Appellee, the residential parent of the three children, commenced proceedings in Beaver County, Pennsylvania, to establish an order for child support. At the time of the commencement of this proceeding in Beaver County, appellant resided in Cortland, Ohio, and appellee resided in Beaver Falls, Pennsylvania.
The matter was transmitted to Trumbull County, Ohio, where appellant resides. Appellant received notice of the proceedings in Ohio on July 14, 1997, which included a subpoena indicating that she was required to attend a hearing on the child support issue on July 17, 1997. Appellant obtained counsel, who filed a notice of appearance on August 6, 1997. Appellant's attorney requested that all correspondence in relation to instant litigation be sent to Maguire, Schneider, Zapka Leuchtag, 307 Bank One Building, 106 East Market Street, Warren, Ohio 44481.
Pursuant to appellant's motion, the hearing regarding appellee's request for child support was continued to September 4, 1997. The matter proceeded to a hearing before Magistrate Bombeck on that date, but no record of that hearing has been preserved. In an "Order and Judgment" filed on October 1, 1997, and signed by both the trial court and the magistrate, appellant was ordered to pay $552 per month in child support beginning on October 1, 1997. The order stated that appellant's employer shall withhold $552 per month, and ordered that that sum be paid to "Beaver County, Domestic Relations Section." The October 1, 1997 order was signed by both the magistrate and the trial court, but is only one document. It is file-stamped once, and it does not appear that the magistrate's decision was issued separately from the judgment of the trial court. Instead, it seems that both the magistrate and trial court signed the order, which was then file-stamped.[1]
On October 3, 1997, the trial court issued an "Order to Withhold Earnings" to appellant's employer, who was required to forward the withheld sum to the Trumbull County Child Support Enforcement Agency. On October 6, 1997, appellant, acting pro se, filed a motion to stay the October 3, 1997 withholding order. The trial court overruled the order on October 15, 1997. Appellant, through counsel, filed a notice of appeal on November 14, 1997, and now asserts the following assignments of error:
 "[1.] The trial court erred to the prejudice of Defendant-Appellant in ordering support to be paid by Defendant-Appellant.
 "[2.] The trial court erred in ordering the withholding of earnings from the Defendant-Appellant since the order of support on which the order to withhold earnings is predicated violated Civil Rule 53 as well as the mandates of the Uniform Reciprocal Enforcement of Support Act."
Before addressing the merits of appellant's assignments of error, we find it necessary to comment on the failure to record the proceedings before the magistrate in this matter. Civ.R. 53(D)(2), as amended effective July 1, 1995, states that "[e]xcept as otherwise provided by law, all proceedings before the magistrate shall be recorded in accordance with procedures established by the court." The requirement of recording all proceedings is highlighted by the Staff Notes to the rule, which provide that "[t]he rule is not meant to limit courts to particular recording means, but to emphasize that, as judicial officers of courts of record, magistrates should conductproceedings before them on the record." (Emphasis added.) We trust that, pursuant to the mandate of Civ.R. 53(D)(2), and its purpose, magistrates in our district will prospectively record all proceedings before them.
This court notes that it has made it abundantly clear to thejudges of this trial court that a renewed practice of notproviding a formal record of the proceedings before magistrates ofthat court would not be countenanced, except under the most narrowof justifiable circumstances, viz. the unknown malfunction of anofficial reporting device. Such omissions could provide the basisfor mandamus actions, as well as the spectrum of contempt. Wetrust we shall not have a future occasion to restate this tenet ofpractice.
In the first assignment of error, appellant asserts that she did not receive notice of the October 1, 1997 order in a manner that enabled her to file timely objections to the magistrate's decision. Civ.R. 53(E)(1) states that "[t]he magistrate shall prepare, sign, and file a magistrate's decision of the referred matter with the clerk, who shall serve copies on all the parties or their attorneys." Moreover, Civ.R. 53(E)(3)(b) provides:
 "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
From this language, it follows that "if a party has failed to file objection(s) to the magistrate's decision in accordance with Civ.R. 53, he may not then raise the objections to the appellate court for review." In re: Brunstetter (Aug. 7, 1998), Trumbull App. No. 97-T-0089, unreported, at 7. See, also, Haas v. Haas
(Dec. 31, 1997), Geauga App. No. 96-G-2034, unreported.
In the present case, the clerk of the trial court did not comply with Civ.R. 53(E)(1) because appellant did not properly receive notice of the magistrate's decision to trigger the beginning of the fourteen day period to file objections. The record includes an envelope post-stamped on October 3, 1997, which pursuant to the transcript of docket and "journal entries," contained the October 1, 1997 order. However, that envelope was sent to Attorney Zapka at a Cleveland, Ohio address, and was stamped "MOVED LEFT NO ADDRESS." Nothing in the record indicates that appellant received the October 1, 1997 magistrate's decision or the trial court's order.[2] Thus, appellant did not have notice of the magistrate's decision in a manner that would have enabled her to timely file objections.[3]
Furthermore, we reject appellee's assertion that appellant had notice of the October 1, 1997 order because appellant filed a prose motion to stay the withholding order on October 6, 1997. On the contrary, a review of that motion supports the proposition that appellant did not receive notice of the October 1, 1997 decision. First, the fact that appellant filed the motion pro se
reveals that her attorney did not receive notice of the magistrate's decision because her counsel, in the entry of appearance, explicitly requested that all notices and correspondence in this matter be sent to his office in Warren, Ohio. The failure to send this notice to the attorney of record violates Civ.R. 5(B), which requires that notices be sent to an attorney of record, not to the party, "unless the court expressly orders that it be made upon the party." Swander Ditch Landowners'Assn. v. Joint Bd. of Huron Seneca Cty. Commrs. (1990), 51 Ohio St.3d 131, syllabus. Second, appellant's motion only requested a stay of the income withholding order filed on October 3, 1997, which ordered her employer to withhold her wages to fulfill the child support obligation. She did not contest or reference the October 1, 1997 order. Thus, appellant was not provided an opportunity to object to the magistrate's decision, and appellant's first assignment of error is with merit on this basis. Therefore, this matter must be reversed and remanded to the trial court to provide appellant with fourteen days to object to the magistrate's decision pursuant to Civ.R. 53.
Accordingly, appellant's substantive legal arguments are not properly before this court because they have not yet been litigated in the trial court pursuant to Civ.R. 53.
For the foregoing reasons, appellant's first assignment of error is well-taken to the extent that appellant did not receive proper notice of the magistrate's decision in order to enable her to timely file objections. The other arguments in the first assignment of error and the second assignment of error are not yet ripe for review. The judgment of the trial court is reversed, and this matter is remanded for proceedings consistent with this opinion. ________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J.,
NADER, J., concur.
[1] This procedure is inappropriate. In Wyatt v. Wyatt
(Apr. 7, 1995), Portage App. No. 94-P-0085, unreported, at 3-4, we stated that "this court expects a [magistrate's decision] and the court's judgment entry to be separate and distinct instruments." See, also, In re Zakov (1995), 107 Ohio App.3d 716, 717.
[2] In our view, this is analogous to the situation where the time for filing a notice of appeal is tolled due to lack of service of the trial court's judgment entry. State ex rel.Hughes v. Celeste (1993), 67 Ohio St.3d 429, 431.
[3] We note that appellant's argument that the trial court could not adopt magistrate's decision before the time for filing objections had elapsed is without merit pursuant to Civ.R. 53(E)(4)(c), which explicitly permits this practice.