DECISION AND JOURNAL ENTRY
Appellant, Deborah DeMarco, has appealed from an order by the Cuyahoga Falls Municipal Court finding in favor of Appellee, Adam Chuluda. This order is not a final appealable order. Additionally, Defendant has failed to comply with the Ohio Rules of Appellate Procedure and the Local Rules of this Court. Accordingly, for the above reasons, this appeal is dismissed.
The decision of the municipal court, dated June 24, 1998, from which the appellant appeals is not a final, appealable order pursuant to R.C.2505.02. This Court is required to raise jurisdictional issues involving final appealable orders sua sponte. See In re Murray (1990),52 Ohio St.3d 155, 159, fn. 2; Whitaker-Merrell v. Geupel Co. (1972),29 Ohio St.2d 184, 186. To constitute a final, appealable order, a trial court entry reflecting action on a magistrate's decision must be a separate and distinct instrument from the magistrate's decision and must grant relief on the issues originally submitted to the trial court. SeeIn re Zakov (1995), 107 Ohio App.3d 716, 717; Reiter v. Reiter (May 11, 1999), Hancock App. No. 59832, unreported, 1999 Ohio App. LEXIS 2454, at *3-4; Daly v. Martin (May 14, 1997), Medina App. No. 2599-M, unreported, at 2-3. The trial court entry in this case does not meet this standard. While this order does adopt the magistrate's decision, the trial court does not independently set forth relief on the issues originally submitted by the parties. Therefore, this Court does not have jurisdiction to hear this appeal.
Even if this were a final appealable order, the brief submitted by Appellant fails to comply with the appellate rules. Pursuant to Loc.R. 7(F), this Court may dismiss a party who fails to file a brief in compliance with Loc.R. 7 and App.R. 16 and 19. In Ivery v. Ivery (Jan. 12, 2000), Summit App. No. 19410, unreported, this Court noted that we "may summarily reject an appeal where the appellant fails to properly brief and argue [her] assignments of error in the manner required by the Appellate Rules." Id. at 1-2, quoting Advertising Tapes, Inc. v.Misquitta (Apr. 15, 1998), Summit App. No. 18631, unreported. Appellant's brief not only failed to comply with App.R. 16 in form, it also failed to set forth assignments of error with citations to authority and the record to support her contentions.
This Court notes that Appellant is proceeding pro se; however, "[w]hile insuring that pro se appellants * * * are afforded the same protections and rights prescribed in the appellate rules, we likewise hold them to the obligations contained therein." State v. Wayt (Mar. 20, 1991), Tuscarawas App. No. 90AP070045, unreported, 1991 Ohio App. LEXIS 1354, at *3-4. They are not to be accorded greater rights and must accept the results of their own mistakes and errors. Kilroy v. B.H. Lakeshore Co. (1996),111 Ohio App.3d 357, 363 (concluding that pro se litigants are "presumed to have knowledge of the law and of correct legal procedure and [are] held to the same standard as all other litigants.") Therefore, Appellant may not rely upon her lack of representation as an excuse for her failure to submit a brief in compliance with the Appellate Rules and this Court's Local Rules.
Accordingly, for the above stated reasons Appellant's appeal is dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 ___________________________ LYNN C. SLABY
BATCHELDER, P.J., BAIRD, J., CONCUR.