DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Athens County Common Pleas Court, Juvenile Division, "judgment" that adopted a magistrate's decision and overruled objections filed by Paul McCoy, the natural father of Paul McCoy, Jr., and the appellant herein.[2] Appellant assigns the following errors for review:
FIRST ASSIGNMENT OF ERROR:
"The trial court's abused their descretion when they filed for child support to be paid to the appellee when in an agreed temporary order dated March 07, 2002 Magistrate Robert Stewart ordered on page 2 of 3 number 2 that the residential parent shall be the parent who has PJ at any given time." [sic]
SECOND ASSIGNMENT OF ERROR:
"The trail court's abused their descretion when they filed for child support deviations failing to show on the work sheets appellant cost for carrying insurance, medical and dental, on Paul Jr." [sic]
THIRD ASSIGNMENT OF ERROR:
"The trial court's abused their descretion when they filed for an allowance of $30 per month for transportation expenses to the appellant as a child support deviation." [SIC]
FOURTH ASSIGNMENT OF ERROR:
"The trial court's abused their descretion when they filed for the child support figure to retro back to the date of June 19, 2001, at which time the appellant and appellee were granted 7 days/7 days visitation making everything completely equal at that point and time and child support had not been asked for until October of 2001" [sic]
 {¶ 2} Appellant and Shannon Keslar met while in high school. Their relationship continued after graduation and, on November 1, 1998, their son, Paul, Jr. was born. Three years later the couple separated. Although the parties initially agreed to an informal shared custody arrangement, the couple began to argue over the physical custody of their son.
 {¶ 3} Shannon Keslar commenced the action below on March 19, 2001, and asked to be named the child's legal custodian and residential parent. Appellant answered and averred that shared parenting is in their son's best interest and that appellant should be named the residential parent.
 {¶ 4} The matter came on for hearing before a magistrate on November 6, 2001. At this time the parties agreed to a shared parenting plan. The magistrate filed a decision on December 4, 2001 and adopted the terms of that plan. On March 7, 2002, the trial court filed an "agreed entry" that set forth the terms of the shared parenting arrangement. The court deferred the issue of child support for later adjudication.
 {¶ 5} The matter came on for another hearing on April 23, 2002 to consider child support as well as other ancillary issues. On May 8, 2002, the magistrate, after reviewing the parties' income and expenses, determined that appellant should pay Shannon Keslar $244.15 per month for current support of their child as well as $285.39 per month for the time period between June 19th and December 31st of 2001.
 {¶ 6} Appellant filed various objections to that decision and, on June 26, 2002, the trial court overruled the objections. The court further ordered that "the Magistrate's Decision [be] affirmed." The trial court filed an amended judgment entry on July 15, 2002. This appeal followed.
 {¶ 7} Before we review the assignments of error, we first pause to address a threshold procedural/jurisdictional problem. It is a fundamental principle of the law of judgments that in order to terminate an action, a judgment must contain a statement of the relief afforded.White v. White, Gallia App. No. 01CA12, 2002-Ohio-6304, at ¶ 15;Yahraus v. Circleville (Dec. 15, 2000), Pickaway App. No. 00CA04. Thus, a purported judgment that merely adopts a magistrate's decision, but does not specify the relief granted, does not terminate the action and does not constitute a final appealable order. See Harkai v. ScherbaIndustries (2000), 136 Ohio App.3d 211, 221, 736 N.E.2d 101; Wellborn v.K-Beck Furn. Mart, Inc. (1977), 54 Ohio App.2d 65, 66, 375 N.E.2d 61;King v. Kelly, Lawrence App. No. 01CA33, 2002-Ohio-4647, at ¶ 12. See, also, In re Zakov (1995), 107 Ohio App.3d 716, 669 N.E.2d 344;Reiter v. Reiter (May 11, 1999), Hancock App. No. 5-98-32; In re Elliott
(Mar. 3, 1998), Ross App. No. 97CA2313; Pace v. Pace (Oct. 8, 1996), Gallia App. No. 95CA17; but see Christy v. Christy (June 12, 1997), Highland App. No. 96CA902.
 {¶ 8} In the case sub judice, we note that both the June 26, 2002 entry and the July 15, 2002 amended entry provide that appellant's objections were not well taken and that "the Magistrate's Decision is . . . affirmed." Neither of these entries specifies the relief granted.
 {¶ 9} Accordingly, based upon the reasons set forth above, we find that the judgment appealed does not terminate the action and, consequently, this Court does not have jurisdiction to review the judgment. Thus, this appeal is hereby dismissed.[3]
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, P.J.: Concur in Judgment Opinion.
[2] Though paternity of the minor child was questioned during the proceedings below, subsequent genetic testing revealed a 99.99% probability that appellant is the natural father of the minor child.
[3] We parenthetically note that once the trial court in the case sub judice issues a judgment that fully terminates the action, and if appellant chooses to appeal that judgment, his brief should address the issue of whether he has waived any error in the trial court's judgment that adopted the magistrate's decision. We note that the provisions of Juv.R. 40(E)(3)(b) provide, inter alia, that a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding of fact or conclusion of law pursuant to rule. That same rule also explicitly states that all objections must be filed within fourteen days of the filing of a magistrate's decision. Id. at (E)(3)(a). In the proceedings below, the magistrate's decision was filed on May 8, 2002. Appellant did not, however, file his objections until May 24th. This filing appears to be two days out of rule. Consequently, it appears that appellant did not file his objections pursuant to rule and, thus, cannot assign as error the trial court's judgment to adopt the magistrate's decision. See e.g.In re Kidd, Lake App. No. 2001-L-039, 2002-Ohio-7264, at ¶ 26 (appellant barred from assigning error in adopting magistrate's decision when objections were filed out of rule); In re Pittman, Summit App. No. 20894, 2002-Ohio-2208, at 65. (objections under Juv.R. 30 must be timely in order to preserve issues for appeal). Clearly, this is an issue that appellant will want to address in any subsequent appeal.