DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Vladimir Berezansky, appeals from an order of the Summit County Court of Common Pleas, Domestic Relations Division, which adopted a magistrate's decision and issued a capias for Appellant's arrest due to his failure to make child support payments which purportedly had been previously ordered by the trial court. For the reasons that follow, we dismiss the appeal for lack of a final, appealable order.
 {¶ 2} Appellant is appealing from the judgment entry, dated January 22, 2003, in which the court both denied Appellant's motion to dismiss and adopted the magistrate's decision as an order of the court. A capias was then issued for the arrest of Appellant "so that he may be brought before [the trial court] to show cause why he should not be held in contempt for failure to pay child support as previously ordered." We find this entry deficient as it is not a "judgment" appealable under Ohio law.
 {¶ 3} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied. Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 88. Pursuant to R.C. 2505.02(B)(1), a final order is one that "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"
 {¶ 4} This court has previously examined the role of magistrates and the procedures a trial court must utilize when entering judgment on a magistrate's decision. Perrine v. Perrine, 9th Dist. No. 20923,2002-Ohio-4251, at ¶ 7, citing Harkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211. As the primary function of a final order is the termination of a case or controversy, the particular language of an entry must specify the relief afforded the parties. Perrine at ¶ 7, citing Harkai, 136 Ohio App.3d at 215.
 {¶ 5} Pursuant to Civ.R. 53, a court may adopt a magistrate's decision and enter judgment without waiting for objections to be filed by the parties. Civ.R. 53(E)(4)(c). If objections are filed, the court must then rule on the objections and either "adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Civ.R. 53(E)(4)(b). If no objections are filed, the court may adopt the magistrate's decision, unless there is an error of law or other defect on the face of the magistrate's decision. Civ.R. 53(E)(4)(a). However, regardless of which option is chosen, the court must independently enter its own judgment, "setting forth the outcome of the dispute and the remedy provided" for the order to be final and appealable. Harkai,136 Ohio App.3d at 218. The matters should be disposed of "such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined." Daly v. Martin
(May 14, 1997), 9th Dist. No. 2599-M, at 5, quoting Lavelle v. Cox (Mar. 15, 1991), 11th Dist. No. 90-T-4396 (Ford, J, concurring). See, also, Inre Zakov (1995), 107 Ohio App.3d 716, 717 (stating that the trial court "must sufficiently address [the] issues so that the parties may know of their rights and obligations by referring only to that document known as the judgment entry").
 {¶ 6} In the present case, the court acted on the magistrate's decision on November 20, 2003. The magistrate's decision, which granted judgment in the amount of $152,540 against Appellant, was adopted and made an order of the court. However, the court's November 20, 2003 order was not final because the court simply stated that the magistrate's decision was adopted; the court's own judgment was not independently set forth. See Harkai, 136 Ohio App.3d at 218.
 {¶ 7} The January 22, 2003 order, which Appellant is attempting to appeal from, also fails to independently set forth the court's judgment. Again, the court merely stated that the magistrate's decision was an order of the court. See id. Moreover, the order is unclear as to how the court resolved the issues submitted to it and as to what relief the trial court afforded the parties. Neither the rights of the parties, nor the amount of the child support award are provided for in the entry. In order for the parties to discern their rights and obligations, they would have to refer to the separate magistrate's decision. Thus, there is no final judgment and appellate jurisdiction has not been conferred on this Court. See Zakov, 107 Ohio App.3d at 717; Daly, supra, at 5. The appeal is dismissed for lack of jurisdiction.
Appeal dismissed.
WHITMORE, J.
BATCHELDER, J. CONCUR