OPINION
{¶ 1} Appellant William A. Bess appeals the decision of the Court of Common Pleas, Ashland County, Juvenile Division, which found him in contempt for failure to pay child support for his daughter. Appellee Barbara Heifner nka Treece is the obligee on the underlying support order. Appellee Ashland County Child Support Enforcement Agency ("CSEA") is responsible for enforcing the order. The relevant facts leading to this appeal are as follows.
 {¶ 2} On November 26, 2002, CSEA filed a motion to show cause against appellant, who had accrued a significant arrearage on his child support obligation. A hearing on the motion was held on January 29, 2003. On February 4, 2003, the magistrate issued a decision finding appellant in contempt (for the third time), establishing arrearages of over $21,000. Appellant was ordered to pay $2000 to CSEA by February 28, 2003; upon said payment, a ninety-day jail sentence was to have been suspended. Purge provisions were also stated by the magistrate in said decision.
 {¶ 3} On February 27, 2003, appellant filed a generic objection to the magistrate's decision. The trial court reviewed the objection and issued a judgment entry affirming the decision of the magistrate. On March 18, 2003, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 4} "I. The trial court committed prejudicial error by affirming a magistrate's decision without conducting an independent review."
 I. {¶ 5} In his sole Assignment of Error, appellant maintains the trial court erred in failing to independently review appellant's objections to the magistrate's decision. We disagree.
 {¶ 6} Juv.R. 40(E)(4)(b) reads: "Disposition of objections. The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter itself. In delinquency, unruly, or juvenile traffic offender cases, the court may hear additional evidence or hear the matter itself only with the consent of the child. * * * ."
 {¶ 7} In Dorton v. Dorton (May 22, 2000), Delaware App. No. 99CAF11061, we held that because of the mandatory language used in Civ.R. 53(E)(4)[1] and due to the chronology of the rule's requirements, a trial court is required to specifically rule on objections to a magistrate's decision before adopting, rejecting, or modifying said decision. However, the trial court in the case sub judice duly found that appellant's objection lacked specificity and did not state particular grounds (see Juv.R. 40(E)(3)(b)), and further found appellant had failed to include a transcript of the magistrate's hearing. Judgment Entry, March 6, 2003, at 1. Hence, the trial court invoked Juv.R. 40(E)(4)(a), and reviewed the magistrate's decision for errors of law or other facial defects. The court found no such errors, and thereupon affirmed the magistrate's decision.
 {¶ 8} Under the circumstances of this case, we find no demonstration of reversible error in the trial court's ruling on appellant's objection. Appellant's reliance on In re Zakov (1995),107 Ohio App.3d 716, is unpersuasive, as that case analyzed the prior "referee" format of Civ.R. 53, which was extensively revised on July 1, 1995, along with Juv.R. 40. See Staff Notes to Juv.R. 40.
 {¶ 9} Accordingly, appellant's sole Assignment of Error is overruled.
 {¶ 10} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Ashland County, Ohio, is hereby affirmed.
[1] Both Civ.R. 53(E)(4)(b) and Juv.R. 40(E)(4)(b) state that "[t]he court shall rule on any objections."