JOURNAL ENTRY AND OPINION
{¶ 1} Appellant-mother challenges the judgment of the Cuyahoga County Common Pleas Court, Juvenile Division, which adjudged her minor child, D.N., to be a dependent child and granted legal custody to her former husband, appellee-father herein. For the reasons that follow, we dismiss this appeal for lack of a final appealable order.
 {¶ 2} The record reveals that appellant-mother ("Mother") and appellee-father ("Father") are the parents of two children — D.N., born in October 2000, and another child born in September 1998. Shortly after the parents separated in January 2001, the latter child died while in Mother's care. The next day, D.N. was removed from Mother's home and placed in the emergency shelter care of the Cuyahoga County Department of Children and Family Services ("CCDCFS"), who thereafter filed a complaint alleging that D.N. was an abused and dependent child.
 {¶ 3} The matter proceeded to hearing in October 2001 before a magistrate of the juvenile court. In an entry journalized October 22, 2001 and jointly signed by both the magistrate and a judge of that court, D.N. was adjudicated a dependent child. Hearings for disposition were held before the same magistrate over the next several months at interrupted intervals. Legal custody was awarded to Father in an entry journalized June 4, 2002, which was again jointly signed by both the magistrate and the trial judge.
 {¶ 4} From these two judgments, Mother appeals and assigns five errors for our review. We need only address appellant's first assigned error, however, because it is dispositive of this appeal. Succinctly, appellant complains that the trial court failed to comply with Juv.R. 40 once it referred the matter to the magistrate and, absent that compliance, had no authority to enter orders for adjudication and disposition. We agree.
 {¶ 5} Juv.R. 40 governs the appointment of magistrates and the procedures to be employed in the proceedings referred to them. Subdivision (E), in particular, provides:
 {¶ 6} "Unless specifically required by the order of reference, a magistrate is not required to prepare any report other than the magistrate's decision. Except as to matters on which magistrates are permitted by division (C)(3)[1] of this rule to enter orders without judicial approval, * * * [t]he magistrate promptly shall conduct all proceedings necessary for decision of referred matters. The magistrate shall then prepare, sign, and file a magistrate's decision of the referred matter with the clerk, who shall serve copies on all parties or their attorneys."
 {¶ 7} The rule then continues with the procedures for filing objections to, and the court's action on, the magistrate's decision. In particular, subdivision (E)(4) provides:
 {¶ 8} "The magistrate's decision shall be effective when adopted by the court as noted in the journal record. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision."
 {¶ 9} If objections are filed, the court is then required to rule on the objections and thereafter "may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter itself." See Juv.R. 40(E)(4)(b). The rule permits the court to adopt a magistrate's decision and "enter judgment without waiting for timely objections by the parties * * *." Nonetheless, the filing of timely written objections stays the execution of the judgment "until the court disposes of [the] objections and vacates, modifies, or adheres to the judgment previously entered." Where immediate relief is justified, the court may enter an "interim order" on the basis of the magistrate's decision without waiting for or ruling on objections filed by a party, which is not subject to the automatic stay provision. See Juv.R. 40(E)(4)(c). Interim orders, however, are only effective for 28 days from the date of entry unless, for good cause shown, the court extends the effective date for another 28-day time period. Id.
 {¶ 10} CCDCFS characterizes the two judgment entries as a combination of both the magistrate's decision and the court's adoption of that decision. Indeed, it relies on this court's decision in State ex rel. Nalls v. Russo, Cuyahoga App. No. 80410, 2001 Ohio App. Lexis 6076, where the appellant herein sought extraordinary relief in prohibition, mandamus and procedendo. In particular, appellant sought to (1) prevent the trial judge and the magistrate from exercising jurisdiction in this case in the court below; (2) require the court to strike the October 22, 2001 journal entry; and (3) require the magistrate to issue a magistrate's decision in compliance with Juv.R. 40. In finding such extraordinary relief unwarranted, this court stated:
 {¶ 11} "Clearly, the journal entry of October 22, 2001, must be viewed as a combination of both the recommendation and decision of [the magistrate] and the immediate adoption of the recommendation and decision by [the trial judge] as authorized by Juv.R. 40(E) and Civ.R. 53. * * *." Having found compliance with Juv.R. 40, the Nalls court found that the trial court "possessed the necessary jurisdiction to issue the judgment of October 22, 2001," which found that D.N. was a dependent child and subject to disposition.
 {¶ 12} We cannot agree with the Nalls court's characterization of the October 22, 2001 entry as a "combination entry." Nor can the June 4, 2002 entry, by analogy, be characterized as such. Both entries state in their opening lines that the "matter came on for hearing" either October 3, 2001 or May 28, 2002 as the case may be, "before the Honorable Joseph F. Russo, upon the Report of Magistrate Mark R. Majer." The dates referenced are those that correspond to the hearings held before the magistrate, but there exists no "report"[2] of the magistrate. There are documents following each hearing that are titled" Supplemental Report of Referee." These documents, however, merely contain notes apparently taken by the magistrate during the hearing. The substance of each witness's testimony was noted, as well as some arguments of counsel, but no decision or recommendation was contained in either" report." On the contrary, these documents contain dates that note when the parties can expect a written decision.
 {¶ 13} The journal entry jointly signed by the magistrate and the trial judge, on the other hand, contains the procedural history of the case, the facts and analysis and then the respective conclusions reached at each hearing. Each entry then concludes with a statement that the parties were informed of their right to appeal "to the assigned judge within ten (10) days of the entry of this order."[3] Although we are unsure how to accurately characterize these journal entries, they are not in compliance with Juv.R. 40 and we refuse to rely on the dicta contained in Nalls and find that the rule allows for "combination" entries such as these.[4] To be sure, Juv.R. 40 authorizes a trial court to immediately adopt a magistrate's decision without waiting for timely objections. If objections are filed, the adopted order becomes an interim order limited in time unless extended for good cause shown. It is true that appellant did not file objections to the October 22nd order.[5]
She did, however, file writs for extraordinary relief because of the form of those entries. See State ex rel. Nalls v. Russo,96 Ohio St.3d 410, 2002-Ohio-4907; State ex rel. Nalls v. Russo
(Feb. 14, 2001), Cuyahoga App. No. 80410, 2001 Ohio App. Lexis 6076. That she was not entitled to the relief of the extraordinary writs she requested does not have any bearing on the decision we reach here today.
 {¶ 14} Appellant did file objections to the June 4th
order. Those objections were not ruled upon until March 2003, approximately nine months later. Thus, even if we were to construe the June 4th order as an interim order pursuant to Juv.R. 40(E)(4)(c), it would have expired long past the 28 days it remained effective. Although it could have been extended for an additional 28 days for good cause shown, that time period also had long since elapsed even if the record contained an order extending it, which it does not.
 {¶ 15} On the other hand, if we were to construe the journal entries at issue as decisions of the magistrate, then there is no order of the court adopting those decisions and setting forth the orders of the court. We have repeatedly addressed the issue of a trial court's action on a magistrate's decision. See Biddulph v.DeLorenzo, Cuyahoga App. No. 80474, 2002-Ohio-2966. Relying onSchweinfurth v. Meza (June 21, 2001), Cuyahoga App. No. 78507, 2001 Ohio App. Lexis 2761, which in turn relied on Harkai v.Scherba Industries, Inc. (2000), 136 Ohio App.3d 211, theBiddulph court held that a trial court must journalize a judgment that unequivocally orders the relief provided to the parties and cannot merely adopt or affirm the magistrate's decision. As stated in Harkai:
 {¶ 16} "* * * Although the judge entirely agrees with the decision of the magistrate, the judgment must still separately enter his or her own judgment setting forth the outcome of the dispute and the remedy provided. See, e.g., Wellborn v. K-BeckFurniture Mart, Inc. (1977), 54 Ohio App.2d 65, 66 * * *; Pacev. Pace (Oct. 8, 1996), Gallia App. No. 95 CA 17, 1996 Ohio App. Lexis 4543 * * *. The judge is not permitted to conclude the case by simply referring to the magistrate's decision, even though it may appear more expedient to do so." Harkai, at 218; Biddulphv. DeLorenzo, 2002-Ohio-2966, at ¶¶ 6-7; see, also, In reZakov (1995), 107 Ohio App.3d 716; Harkins v. Wasiloski, 7th Dist. No. 00 CA 9, 2001 Ohio App. Lexis 5466.
 {¶ 17} We are not convinced that these entries can be characterized as magistrate decisions alone, however. The language from the entries excerpted earlier gives the appearance of an order of the court, but without the benefit of a magistrate's decision, despite the court's statement to the contrary. Without a magistrate's decision, there was nothing for the court to act upon. Because we conclude that the record does not contain a magistrate's decision as authorized by Juv.R. 40(E) for either hearing, the orders entered on October 22, 2001 and June 4, 2002 are not orders entered in compliance with Juv.R. 40(E)(4) and are, therefore, void. No appeal can be taken from a void judgment. See State v. Kenney, Cuyahoga App. Nos. 81752 and 81879, 2003-Ohio-2046, at ¶ 59; Short v. Short, 6th
Dist. No. F-02-005, 2002-Ohio-2290, at ¶ 11. "A void judgment is necessarily not a final appealable order * * *." Reed v.Montgomery Cty. Bd. of Mental Retardation Dev. Disabilities
(Apr. 27, 1995), 10th Dist. No. 94APE10-1490, 1995 Ohio App. Lexis 1755.
 {¶ 18} Accordingly, we dismiss this appeal.
Corrigan, A.J., and Karpinski, J., concur.
It is, therefore, ordered that appellant recover from appellee costs herein taxed.
It is ordered that a special mandate be sent to the Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Subdivision (C)(3) pertains to pretrial and other procedural or regulatory orders that are not applicable here.
[2] The rules governing magistrates, Juv.R. 40 and Civ.R. 53, were substantially amended in 1995 and the term "report" was replaced with "decision." See Juv.R. 40(E) and Civ.R. 53(E); see, also, Miele v. Ribovich, 90 Ohio St.3d 439, 442-444,2000-Ohio-193.
[3] Juv.R. 40(E)(3) permits a party to file objections within 14 days of a magistrate's decision, regardless of whether the court has adopted the decision immediately pursuant Juv.R. (E)(4)(c).
[4] The Eleventh Appellate District goes so far as to require that the magistrate's decision and the trial judge's order acting on that decision be two separate entries. See In re Estate ofCastrovince (Aug. 16, 1996), 11th Dist. No. 96-P-0175, 1996 Ohio App. Lexis 6226.
[5] We note that the record does not contain any transcript of this hearing.