DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court, Juvenile Division, "judgment" that adjudicated A.R. a delinquent child for committing the offense of rape, in violation of R.C. 2907.02, a first-degree felony if committed by an adult. *Page 2 
 {¶ 2} Appellant raises the following assignments of error for review:
 {¶ 3} I. "THE ROSS COUNTY JUVENILE COURT ERRED WHEN IT ADJUDICATED A.R. A DELINQUENT CHILD AND COMMITTED HIM TO DYS IN OCTOBER AND NOVEMBER, 2007 BECAUSE AS OF JULY 1, 2007, THERE EXISTED NO STATUTORY AUTHORITY TO CONDUCT SUCH A HEARING OR MAKE SUCH AN ORDER."
 {¶ 4} II. "THE ROSS COUNTY JUVENILE COURT VIOLATED A.R.'S STATUTORY AND CONSTITUTIONAL RIGHTS WHEN IT FAILED TO HOLD A COMPETENCY HEARING WHEN THE ISSUE WAS RAISED BEFORE THE TRIAL COMMENCED."
 {¶ 5} III. "THE ROSS COUNTY JUVENILE COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO RECORD A.R.'S PRETRIAL PROCEEDINGS, WHICH WERE CONDUCTED BY A MAGISTRATE."
 {¶ 6} IV. "A.R. WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 7} Appellant was accused of forcing his four-year old cousin to perform fellatio upon him. After the adjudicatory hearing, the Magistrate concluded that Appellant is a delinquent child and issued her decision that recommended that Appellant be committed to the legal custody of the Department of Youth Services (DYS) for at least one year and not to exceed his twenty-first birthday. In that same document, the trial court adopted the Magistrate's decision and inserted a *Page 3 
paragraph and signature line following the Magistrate's decision. The trial court's "judgment" reads: "Upon due consideration of the Magistrate's decision, made pursuant to Rule 40(D), said decision is hereby adopted as the order of the court." This appeal followed.
 {¶ 8} Before we address the merits of this appeal, we first must consider a threshold jurisdictional issue. One fundamental principle of the law of judgments is that in order to terminate an action, the judgment must contain a statement of the relief being afforded.Yahraus v. Circleville, Pickaway App. No. 00CA04, 2000-Ohio-2019. Thus, a trial court order that merely adopts a Magistrate's decision, without specifying the relief granted, does not constitute a final appealable order.[3] Id.; see, also, In re McCoy, Athens 02CA33, 2003-Ohio-1524;Harkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211, 221,736 N.E.2d 101; Civ. R. 54(A).
 {¶ 9} As the Harkai court explained: "* * * Although the judge entirely agrees with the decision of the magistrate, the judgment must still separately enter his or her own judgment setting forth the outcome of the dispute and the remedy provided. * * * * The judge is not permitted to conclude the case by simply referring to the magistrate's decision, even though it may appear more expedient to do so."136 Ohio App.3d at 218 (citations omitted); see, also, In re Zakov (1995), *Page 4 107 Ohio App.3d 716, 669 N.E.2d 344.
 {¶ 10} In Zakov, for example, the court held that the trial court did not comply with the requirement to enter its own judgment when it adopted the Magistrate's recommendation upon a dispositional hearing in a delinquency case and, thus, the court's order was not a final appealable order. The trial court simply stated: "The Court after reviewing the findings and recommendations of the Referee in the above captioned matter, adopts the findings and recommendations of the Referee as being just and equitable and therefore Orders, Decrees, and Adjudges that the findings and recommendations of the Referee become the Order of the Court."
 {¶ 11} Similarly, in the case at bar we believe that the trial court's decision adopting the magistrate's decision does not constitute a final, appealable order. Here, the court did not enter a separate judgment that set forth the grounds for relief. Instead, the court adopted the magistrate's decision. Juv. R. 40(D)(4)(e) states that a court must enter a judgment, even if it chooses to adopt the magistrate's decision: "A court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment or interim order. See, also, Staff Notes to Juv. R. 40.
 {¶ 12} Consequently, because the trial court's decision to adopt the magistrate's decision does not constitute a "judgment," we are without jurisdiction to proceed in this matter. Accordingly, we must dismiss this appeal. *Page 5 
 APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J.: Concurs in Judgment and Opinion.
Harsha, J.: Dissents.
[3] We have applied this rule to juvenile proceedings. See In reMcCoy, supra. Other appellate courts likewise have applied this rule to juvenile proceedings. See In re D.N., Cuyahoga App. No. 82708,2004-Ohio-1106; Zakov. *Page 1