JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Kenny Phillips, and his co-defendants, Deante Creel, Akeem Tidmore, and Michael Sutton were indicted in a multi-count indictment by a Cuyahoga County grand jury. Defendants Creel and Tidmore were acquitted at trial, whereas defendants Sutton and Phillips were convicted.
 {¶ 2} Both Sutton and Phillips appealed their convictions to this court. Our decision regarding Sutton's appeal was released on July 24, 2008, [1] and journalized on September 3, 2008, and the decision regarding Phillips' appeal was released on August 28, 2008.[2] On September 8, 2008, Phillips filed a motion for reconsideration of that decision, or in the alternative, for a rehearing en banc. Herein we grant the motion for reconsideration and vacate the decision of August 28, 2008; in light of the resolution of our reconsideration, Phillips' request for en banc hearing is rendered moot.
 {¶ 3} Both Phillips and Sutton were sentenced on June 28, 2007. The last lines of the lengthy sentencing entry reads in pertinent part: "Court reserves Judgment on restitution amount until further proceedings. Defendant is to pay court *Page 2 
costs. Defendant remanded * * *." Similarly, the transcript of the sentencing hearing reads in pertinent part:
 {¶ 4} "Also, what I'll do is I will allow the State of Ohio to gatherrestitution information. I will be happy to set another date for a hearing with respect to any restitution because we do not have those figures now at this point. I think it's important that these victims have on the record here the restitution which is appropriate to be ordered for both of these defendants, Mr. Sutton and Mr. Phillips[3]
So I will leave that part of the sentencing open and allow the State to gather that information and so the defendant will have an opportunity tobe heard with respect to restitution. I can incorporate that at a laterdate." (Emphasis added.) *Page 3 
 {¶ 5} In State v. Threatt, 108 Ohio St.3d 277, 2006-Ohio-905,843 N.E.2d 164, the Ohio Supreme Court held that "`[a] judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order.'" Id. at ¶ 20, quoting Bell v.Horton, 142 Ohio App.3d 694, 696, 2001-Ohio-2593, 756 N.E.2d 1241.[4]
The First District in In re Holmes (1980), 70 Ohio App.2d 75,434 N.E.2d 747, held that there was no final appealable order where the defendant had been ordered to pay restitution, but the hearing on restitution had yet to occur. Id. at 77.
 {¶ 6} Similarly, the Eleventh District in In re Zakov (1995),107 Ohio App.3d 716, 669 N.E.2d 344, held in the case of a juvenile traffic offender, that the notation "`[r]estitution to be determined' rendered [the] entry interlocutory." Id. at 718. In a domestic relations case, this court held that "[b]ecause the claim for spousal support was filed and remains pending and unadjudicated in the trial court, any disposition of the action was only partial and interlocutory."Schweinfurth v. Meza (June 21, 2001), Cuyahoga App. No. 78507.
 {¶ 7} Finally, in State v. Kuhn, Defiance App. No. 4-05-23,2006-Ohio-1145, the judgment entry of sentencing ordered "Kuhn to pay restitution `to the victim's family for funeral and burial expenses of the decedent.'" Id. at ¶ 8. The Third District *Page 4 
held that since "the judgment entry does not set forth either a specific amount of restitution or the method of payment[,] * * * [it] does not settle either `the amount of restitution [or] the method of payment,' [and] it is not a final appealable order." Id., quoting In re Holmes, supra at 77.
 {¶ 8} Accordingly, since this court is without jurisdiction to review the conviction in this matter for lack of final appealable order, this appeal is dismissed.
It is ordered that the parties shall equally share the costs herein taxed. *Page 5 
The court finds there were reasonable grounds for this appeal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., CONCURS ANN DYKE, J., CONCURS IN JUDGMENT ONLY
[1] State v. Sutton, Cuyahoga App. No. 9017, 2008-Ohio-3677.
[2] State v. Phillips, Cuyahoga App. No. 90124, 2008-Ohio-4367.
[3] The court never journalized an order of restitution for defendant Sutton.
[4] In Threatt, the issue was an order of court costs that had not been calculated. The Supreme Court found it to be a final appealable order because the remaining act was purely ministerial. By the very nature of the trial court's pronouncement in this case, the issue of restitution here was not ministerial, and a full hearing to take place at a later date was clearly contemplated. *Page 1