[Cite as *In re J.A.*, 2012-Ohio-2184.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

IN THE MATTER OF:          :

                        :

      J.A.,               :      Case No. 11CA27

                        :

ADJUDICATED DELINQUENT CHILD  :

AND JUVENILE TRAFFIC OFFENDER. :  <u>DECISION AND JUDGMENT ENTRY</u>

                        :

                        :      **RELEASED 04/30/12**

                        :

_____

<u>APPEARANCES</u>:

Timothy Young, Ohio State Public Defender, and Laura E. Austen, Ohio State Assistant Public Defender, Columbus, Ohio, for Appellant.

J.B. Collier, Jr., Lawrence County Prosecuting Attorney, and Kevin J. Waldo, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for Appellee.
_____

Harsha, J.

{¶1}    J.A. appeals the juvenile court's judgment adjudicating him a delinquent child and suspending his ability to obtain a driver's license until his eighteenth birthday.  He raises one assignment of error, but because the trial court ordered restitution without specifying the amount or method of payment, its order does not constitute a final, appealable order.  Consequently, we lack jurisdiction to consider J.A.'s appeal and must dismiss it.

I.  FACTS

{¶2}    After J.A. crashed his parents' vehicle into a house, he was charged with (1) driving without a driver's license, in violation of R.C. 4510.12, (2) failure to wear a safety belt, in violation of R.C. 4513.263, (3) hit-skip, in violation of R.C. 4549.02, and (4) failure to control, in violation of R.C. 4511.202.  A

subsequent complaint alleged J.A. to be a delinquent child for committing three counts of vandalism, in violation of R.C. 2909.05.

{¶3}   Following an adjudicatory hearing, the court found J.A. to be a delinquent child for committing (1) vandalism, a fourth degree felony, (2) two counts of criminal damaging, second-degree misdemeanors, and (3) hit/skip. The court dismissed the driving without a license, seat belt, and failure to control charges.  As part of its dispositional order, the court ordered J.A. to pay restitution, but it did not fix the amount or payment method.  Instead, the court set the restitution matter for a further hearing.  The court entered additional dispositional orders that are not presently relevant.

## II.  ASSIGNMENT OF ERROR

{¶4}   J.A. raises one assignment of error:

"The juvenile court erred when it restricted J.A.'s future right to obtain a driver's license."

## III.  NO FINAL, APPEALABLE ORDER

{¶5}   Because the trial court failed to set the amount of, or payment method for, restitution, its order does not constitute a final, appealable order, and we are without jurisdiction to review J.A.'s appeal.  Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]"  Ohio Constitution, Article IV, Section 3(B)(2).  If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal.  *E.g., Eddie v. Saunders,* 4th Dist. No. 07CA7, 2008–Ohio–4755, ¶11.  If the parties do not raise the jurisdictional issue, we must raise

it sua sponte.  *E.g., State v. Locke,* 4th Dist. No. 11 CA3409, 2011–Ohio–5596,

¶4.

**{¶6}**    When a judgment entry orders restitution but fails to set the amount

or method of payment, the entry is not a final, appealable order.  *In re Holmes*,

70 Ohio App.2d 75, 77, 434 N.E.2d 747 (1980).  *Accord State v. Korosi*, 8th Dist.

No. 95404, 2011-Ohio-2524; *State v. Thompson*, 4th Dist. No. 10CA3177, 2011-

Ohio-1564; *State v. Phillips*, 8th Dist. No. 90124, 2008-Ohio-5101; *State v. Kuhn,*

3rd Dist. No. 4-05-23, 2006-Ohio-1145; *In re Alonzo B.*, 6th Dist. No. E-98-050

(Feb. 12, 1999); *In re Zakov*, 107 Ohio App.3d 716, 669 N.E.2d 344 (1995).  As

we explained in *Thompson*:

> The July 13, 2010 Judgment Entry of Sentence is not final
> and appealable because it "'leaves issues unresolved and
> contemplates that further action must be taken[.]'" *State v. Kline,*
> Henry App. No. 7–10–09, 2010–Ohio–6378, at ¶4, quoting *State ex
> rel. Keith v. McMonagle,* 103 Ohio St.3d 430, 816 N.E.2d 597,
> 2004–Ohio–5580, at ¶4 (other internal quotation omitted).  See,
> also, *State v. Phillips,* Cuyahoga App. No. 90124, 2008–Ohio-5101,
> at ¶5, citing *State v. Threatt,* 108 Ohio St.3d 277, 843 N.E.2d 164,
> 2006–Ohio–905, at ¶20. Here, the Judgment Entry of Sentence
> states that "[a] restitution hearing will be on June 16, 2010 at 2:00
> P.M., by agreement of counsel."  Thus, the Judgment Entry of
> Sentence leaves the issue of restitution unresolved and
> contemplates further action related to restitution.
>         Other courts have found that similar judgment entries were
> not final and appealable.  For example, in *Phillips,* the judgment
> entry stated that the trial "[c]ourt reserve[d] Judgment on restitution
> amount until further proceedings[.]" *Phillips* at ¶3.  As a result, the
> Eighth District Court of Appeals found that the entry was not final
> and appealable.  Additionally, the Eleventh District Court of Appeals
> found "that the notation 'Restitution to be determined' render[s an]
> entry interlocutory." *In re Zakov* (1995), 107 Ohio App.3d 716, 718,
> 669 N.E.2d 344. * * * *

Id. at ¶¶7-8.

{¶7}    Here, as in *Thompson*, the trial court's entry set the restitution matter for a further hearing and thus, contemplates further action and leaves the restitution issue unresolved.[1]  Because its entry leaves an issue unresolved, the entry does not constitute a final, appealable order.  Accordingly, we lack jurisdiction to consider J.A.'s appeal and must dismiss it.

APPEAL DISMISSED.

---

[1] Upon the trial court's journalization of an order that resolves the restitution issues, J.A. should file a new notice of appeal if he wishes to pursue his appeal.  If such a notice of appeal would be untimely, he may pursue a delayed appeal under App. R. 5(A).

## **JUDGMENT ENTRY**

It is ordered that the APPEAL IS DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court, Probate/Juvenile Division, to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Abele, P.J. & Kline, J.: Concur in Judgment and Opinion.


                                        For the Court


                                        BY: _____
                                              William H. Harsha, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**