[Cite as *In re S.M.B.*, 2013-Ohio-1801.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 99035

---

## IN RE: S.M.B.

## A Minor Child

---

### JUDGMENT:
DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 12105009

**BEFORE:** Keough, J., Stewart, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** May 2, 2013

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender
By:   Charlyn Bohland
Assistant State Public Defender
250 East Broad Street
Suite 1400
Columbus, Ohio 43215

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   Callista R. Plemel
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} S.M.B., a minor, appeals her finding of delinquency.[1] For the reasons that follow, we dismiss for lack of a final, appealable order.

{¶2} On March 22, 2012, a complaint was filed in the Cuyahoga County Juvenile Court alleging that S.M.B. was a delinquent child for committing felonious assault, in violation of R.C. 2903.11(A)(2), a second-degree felony if committed by an adult. Following a trial, the juvenile court adjudicated S.M.B. delinquent of felonious assault and ordered a disposition of community control sanctions "under the supervision of a court probation officer until such time as the probation officer files a notice of termination of community control with the clerk."

{¶3} It is from this order that S.M.B. now appeals raising as her sole assignment of error that the juvenile court's finding of delinquency of felonious assault was against the manifest weight of the evidence. However, because the juvenile court's order fails to specify the time period of community control and fails to set forth any penalty for any violation of probation, the order does not constitute a final, appealable order, and we are without jurisdiction to review this appeal.

{¶4} Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]" Ohio Constitution, Article IV, Section 3(B)(2).

---

[1] The parties are referred to herein by their initials or title in accordance with this court's established policy regarding non-disclosure of identities in juvenile cases.

If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal. *See, e.g.*, *Eddie v. Saunders*, 4th Dist. No. 07CA7, 2008-Ohio-4755, ¶11. If the parties do not raise the jurisdictional issue, we must raise it sua sponte. *See, e.g., State v. Locke*, 4th Dist. No. 11CA3409, 2011-Ohio-5596, ¶ 4.

{¶5} "It is rudimentary that a finding of delinquency by a juvenile court, unaccompanied by any disposition thereof, is not a final appealable order." *In re Sekulich*, 65 Ohio St.2d 13, 14, 417 N.E.2d 1014 (1981), citing *In re Whittington*, 17 Ohio App.2d 164, 245 N.E.2d 364 (5th Dist.1969), paragraph one of the syllabus. Courts have repeatedly held that a journal entry that leaves an issue unresolved or contemplates further action, does not constitute a final, appealable order. *See, e.g., In re J.A.*, 4th Dist. No. 11CA27, 2012-Ohio-2184 (journal entries that order restitution but do not specify the amount or method of payment are not final and appealable).

{¶6} In this case, the juvenile court's disposition leaves issues unresolved — specifically, the duration of time S.M.B. was placed on community control and the penalty for any noncompliance with the terms and conditions of her community control sanctions. Moreover, the journal entry also delegates authority to a probation officer to determine whether S.M.B. should be removed from community control. This delegation of authority is improper. *See, e.g., State v. Moore*, 7th Dist. No. 00AP0741, 2002-Ohio-5047 (improper for court to delegate to probation department task of determining amount of restitution owed); *see generally State v. Fair*, 2d Dist. No. 8081,

1983 Ohio App. LEXIS 13314 (Oct. 14, 1983) (trial court may not delegate its power, authority, or discretion to any other person except where authorized by law.)

**{¶7}** Accordingly, we find that the court's journal entry that leaves issues unresolved and impermissibly delegates the juvenile court's authority is not a final, appealable order.

**{¶8}** Dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, A.J., and
KENNETH A. ROCCO, J., CONCUR