[Cite as *In re A.C.*, 2024-Ohio-5329.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE A.C. | : | |
| | | No. 113856 |
| A Minor Child | : | |
| [Appeal by Father, M.R.] | : | |
| | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 7, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA24100068

---

### *Appearances:*

Kuenzi/Somogyi and Robert E. Somogyi, *for appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. *State v. Priest*, 2014-Ohio-1735, ¶ 1 (8th Dist.).

{¶ 2} In January 2024, plaintiff-appellant, M.R. ("appellant"), initiated this action under R.C. 2151.23(A)(2) against defendant-appellee, A.C. ("appellee"), by filing a "verified complaint to determine custody of a child not a ward of another court." In the complaint, appellant alleges that appellee is the mother of the subject minor child, A.C. ("the child"), and he is the child's father, as established by DNA testing. Appellant attached to his complaint the results of a DNA test from private testing he had done. Appellant also attached the child's birth certificate that lists another man, G.O., as the child's father. Appellant alleges that he and appellee have equal parental rights under R.C. 3109.03 and, as his prayer for relief, seeks for the juvenile court to allocate parental rights and responsibilities and award him custody of the child.

{¶ 3} Days after appellant filed his complaint, a magistrate of the juvenile court issued an order. In the order, the magistrate wrote that "genetic test results alone do not establish paternity" and noted that appellant "also filed the child's birth certificate which lists another man as the father." The magistrate found that "absent evidence to the contrary, only the mother and father, as listed on the child's birth certificate, stand on equal footing in this child's custody determination." The magistrate ordered appellant, "if able," to "file evidence that the prior paternity establishment has been vacated and that he legally established paternity for the child . . . ." The court stated that "[a]bsent such a filing, R.C. 3109.03 shall not apply."

{¶ 4} In February 2024, appellee filed a letter with the court. Appellee did not admit that appellant was the father of the child but did state that appellant "declined to be part of any stages of the pregnancy when the child was conceived" and he "suggested that [she] give up the child for adoption." Appellee informed the court that she was married to another man at the time of the child's birth and that man "signed the birth certificate and acknowledged the child as his own." Appellee stated that, although that man is now her ex-husband, he and the child have a "deep emotional bond" and "he is the only father figure [the child] has known." She requested that a child support order be issued against appellant and that he eventually be allowed supervised visitation with the child.

{¶ 5} Meanwhile, appellant submitted documents pursuant to the magistrate's order and requested court-ordered DNA testing. The documentation consisted of the previously filed DNA test result and filings from appellee and G.O.'s divorce proceeding in which the child was not named as issue of their marriage.

{¶ 6} In a February 2024 order, the magistrate denied appellant's request for court-ordered DNA testing. Appellant filed a motion to vacate the magistrate's order and submitted supplemental documentation in support of his request for court-ordered DNA testing. The supplemental documentation consisted of an affidavit of appellant's attorney and an email from the Ohio Central Paternity Registry. According to appellant, the documentation demonstrates that G.O. was listed on the child's birth certificate because he was married to appellee at the time, but there was no "acknowledgment of paternity" on file for the child.

{¶ 7} In a March 2024 judgment, the trial court judge affirmed the magistrate's decision denying appellant's request for court-ordered DNA testing and denied appellant's motion to vacate. In the time since the trial court issued the subject judgment, efforts have been made to serve G.O. — the man listed as the child's father on the birth certificate — with appellant's complaint; as of the filing of this interlocutory appeal, G.O. had not been served.

{¶ 8} This court requested appellant and appellee to brief whether the trial court's judgment constitutes a final, appealable order. Appellant submitted briefing on the issue, contending that the judgment is a final, appealable order; appellee did not brief the final, appealable order issue, nor has she filed a brief. For the reasons that follow, we find that the judgment appellant appeals from is a final, appealable order.

{¶ 9} "Appellate courts 'have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]'" *In re J.A.*, 2014-Ohio-3423, ¶ 15 (8th Dist.), quoting Ohio Const., art. IV, § 3(B)(2). If a lower court's order is not final and appealable, this court lacks jurisdiction to review the matter and must dismiss the appeal. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989); *In re S.M.B.*, 2013-Ohio-1801, ¶ 4 (8th Dist.).

{¶ 10} For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596 (1999). R.C. 2505.02(B) provides:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.

{¶ 11} A substantial right is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). Appellant contends that a parent's right to custody of his or her child is a substantial right; we agree.

{¶ 12} The right "to raise a child is an 'essential' and 'basic' civil right." *In re Murray*, 52 Ohio St.3d 155, 157 (1990), quoting *Stanley v. Illinois*, 405 U.S. 645, 651 (1972). The Ohio Supreme Court has held that "parental custody of a child is an important legal right protected by law and, thus, comes within the purview of a 'substantial right' for purposes of applying R.C. 2505.02." *In re Murray* at *id.*; *see also Troxel v. Granville*, 530 U.S. 57, 66 (2000) (concluding that the federal constitution also "protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children").

{¶ 13} Appellant further claims that the trial court's ruling was an adjudication on the merits and therefore it determined the action and prevented a judgment for him. According to appellant, the "refiling of his motion will lead to an identical judgment" and he "has no way at this point to obtain hearing before the court insofar as this ruling was rendered upon the merits of his motion."

**{¶ 14}** "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." (Citations omitted.) *Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 2007-Ohio-2457, ¶ 6. Although appellant could file another motion for genetic testing and the trial court could grant it (*see In re P.L.*, 2019-Ohio-4681 (8th Dist.), denying two motions for genetic testing and granting the third motion for genetic testing in a parentage action), the trial court's citation to its reason for the denial of appellant's motion indicates that it has conclusively decided the genetic testing issue. Specifically, the trial court cited to R.C. 3111.09 and *Demore v. Demore*, 2008-Ohio-1328 (11th Dist.), as grounds for the denial of appellant's request for genetic testing.

**{¶ 15}** R.C. 3111.09 governs genetic testing under R.C. Title 31, which relates to domestic relations proceedings. The statute provides in relevant part that "[i]n *any action instituted under sections 3111.01 to 3111.18 of the Revised Code*, the court, . . . upon the motion of any party to the action, shall order the child's mother, the child, the alleged father, and any other person who is a defendant in the action to submit to genetic tests." (Emphasis added.) R.C. 3111.09(A)(1). This action was not instituted under R.C. Title 31; rather, it was brought under R.C. 2151.23(A)(2).

**{¶ 16}** The *Demore* Court relied, in part, on that distinction in finding that the appellant's motion for genetic testing was properly denied, stating that

> such motions [under R.C. 3111.09] can only be brought in actions under sections 3111.01 to 3111.18 of the Revised Code — i.e., parentage actions.

This is not a parentage action: it is an action for child support . . . [Therefore], we find the motion was improperly brought in this setting.

*Id.* at ¶ 20.

{¶ 17} The juvenile court's citation to R.C. 3111.09 and *Demore* demonstrates that it meant to wholly dispose of the issue of genetic testing with finality. Thus, we find the trial court's order that appellant appeals from to be a final, appealable order. We therefore will consider this appeal on the merits. Appellant's sole assignment of error reads: "The trial court erred in denying appellant's request for court ordered genetic testing."

{¶ 18} In support of his assignment of error, appellant contends that "the only method to determine the parent and child relationship between appellant and the child . . . is pursuant to a *parentage action* as set forth in Rev.Code §3111.03(B)." (Emphasis added.) But, as mentioned, appellant did not file this case as a parentage action; rather, he filed it as a custody action under R.C. 2151.23(A)(2). The same outcome was reached in *Demore*, where the appellant filed her case as a custody proceeding and not a parentage action. *Id.* at ¶ 20.

{¶ 19} On this record, the trial court did not err in denying request for court-ordered genetic testing and the sole assignment of error is overruled.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY J. BOYLE, J., CONCUR